UTICA,
Aug. 1826.

Cook
v.
Satterlee.

---

Cook *against* Satterlee and Satterlee.

The essential qualities of a bill of exchange, or promissory note, are, that it be payable at all events, not dependent on any contingency, nor payable out of a particular fund; and that it be for the payment of money only; and not for the performance of any other act; or in the alternative.

An instrument in writing, by which A. directs B. to pay C. or bearer, 400 dollars, and take up A's note of that amount, though the instrument be accepted by B. is not a bill of exchange.

On demurrer to the declaration. The plaintiff declared in *assumpsit*, that on the 25th day of *July*, 1825, *W. F.* and *C. E. Clarke*, according to the usage and custom of merchants, &c. made their certain bill of exchange, &c. dated on that day, directed to the defendants, by which they requested the defendants, 90 days after date, to pay to the plaintiff, or bearer, 400 dollars; *and take up their note given to William and Henry B. Cook for that amount,* dated *April* 19, 1825; which bill the defendants on the same day accepted, according to the usage, &c.

General demurrer and joinder.

*E. Cowen*, in support of the demurrer, insisted that the instrument set forth was not a bill of exchange. That the object was special; and an acceptance imposed not only the obligation to pay the money, but do a farther act; the taking up of the note. Nor was it for the absolute payment of money. The acceptors might exact the note, before they would be obliged to pay the money.

*E. Griffin* contra, cited *Chitty on Bills*, 41, 61; 1 *Str.* 706; *Bull. N. P.* 270; and 8 *John.* 485.

*Curia*, per SAVAGE, Ch. J. The essential qualities of a bill or note, are 1. That it be payable at all events: not

UTICA,
Aug. 1826.

Cook
v.
Satterlee.

dependent on any contingency, nor payable out of a particular fund ; and 2. That it be for the payment of money only, and not for the performance of some other act, or in the alternative. ( *Chit. on Bills*, 55. )

Is not the instrumnnt declared on payable upon a contingency ? From the face of the instrument itself, it appears that the drawers had, on the 19*th* of *April* preceding its date, given their note for $400, to *Wm.* and *H. B. Cook* ; and the object of drawing the instrument in question, was to take up that note. The engagement of the acceptors must be construed according to what is required of them by the drawers. The note was supposed to be in possession of the payee or holder of the bill, and the payment of the money and taking up the note of the drawers, must be simultaneous acts. The acceptors could not take up the note till it was presented ; nor were they bound to pay the money till the plaintiff was ready, and offered to enable them to take up the note. It seems to me, therefore, that substantially this instrument is payable upon a contingency ; and is the same as if it had said, "Pay *W. C.* $400, on his giving up our note," &c. Had such been the form, it would clearly not be technically a bill of exchange. The holder, in declaring upon it, should aver his readiness to deliver up the note. Upon a contrary doctrine, the defendants may be compelled to pay the bill ; and the drawers to pay the note, provided it has been transferred before due.

The defendants are entitled to judgment, with leave to amend on the usual terms.

Rule accordingly.