### SEACORD *vs.* BURLING.

An agreement in writing by which the subscriber to it promised to pay another a sum of money on demand with interest, and added, *but no demand is to be made as long as the interest is paid*, is not a promissory note.

ASSUMPSIT, tried at the Westchester circuit in April, 1845, before RUGGLES, late Cir. J.

The declaration contained the common money counts, and annexed to it was the copy of a written instrument purporting to be signed by the defendant, as follows:

"$5000. On demand, I promise to pay Benjamin Seacord or order, five thousand dollars, value received, with six per cent interest; *but no demand is to be made as long as the interest is paid.* New Rochelle, May 1, 1842.

(Signed)  JAMES BURLING."

Plea, *non-assumpsit.*

The plaintiff proved the signature of the defendant, and gave evidence touching a demand and non-payment of interest on the seventh day of September, 1844, shortly before the suit was commenced; and then offered to read the note in evidence. The defendant's counsel objected, insisting that the paper was not a promissory note, and could not be given in evidence under the common counts, but should have been declared on specially. The objection was overruled, and the paper was read in evidence. The defendant then went into a defence con·

Seacord *v.* Burling.

nected with the consideration of the note which was alleged to have been illegal. The plaintiff ultimately had a verdict for the amount of the note with interest.

*J. Edwards,* for the defendant.

*J. W. Tompkins,* for the plaintiff.

*By the Court,* McKISSOCK, J.   Whether the paper given in evidence was a promissory note is a question of some difficulty. The first impression would certainly favor the notion that it was, but on a closer analysis of its terms it would seem that it was not.   A promise to pay money, to be valid as a note, must be for such payment absolutely, and not on any contingency.   That is an essential requisite of a note, and it is absolutely necessary to render such securities fit for a commercial currency.   For such use they must be precise and certain, and subject to no condition, so as to command the entire confidence of all to whom they may be offered.   (*Chit. on Bills,* 152, 154, 9*th Am. ed.*)

The promise in the instrument in question is conditional and contingent.   If the promise were to pay on demand it would be considered an absolute promise, because it would depend altogether on the will of the holder, and it would be assumed that the time must and would arrive.   Hence, too, it would answer all the purposes of negotiable paper.   But though the promise is in form, on demand, still the right to make the demand is controlled by a condition, and may never arrive; at least it is not certain that it will.   This consideration is fatal to the agreement as a promissory note.   It is in fact an alternative agreement to do a certain thing, or pay a sum of money—or, to state it more in its own terms, it is a contract, that the promissor at his election will pay the interest on five thousand dollars annually, or decline to do so, and then pay the principal on demand.   A promise to pay money *or* perform an act is not a good promissory note.   Neither is a promise to pay if another

do not, for the simple reason that the promises are uncertain or contingent. (*Chit. on Bills,* 154, *notes, k. l.*) For the same reason, an agreement is not valid as a promissory note where there is an uncertainty as to the amount to be paid. An agree-ment to pay twenty pounds *or* fifty pounds *or* one hundred pounds would not be a promissory note for either sum. (*Chit. on Bills,* 153.)

It is argued for the plaintiff that bills of exchange and promissory notes are favored of the law, and that liberal rules are adopted in construing them, and hence that in the present case the latter clause of the writing restricting the right to make demand being absurd and inconsistent, should be disregarded. On account of the great usefulness of promissory notes and bills of exchange courts do interpret instruments intended for either, on liberal principles; and in some cases where there is an ambiguity, or where they are insensible on their face, reject some parts as surplusage, to give them validity—as in the old case of a promise " never to pay." So, too, where the paper was in the common form of a bill of exchange, except that the word "at" instead of " to" was inserted in the address of the bill before the drawee's name. And also where a bill of exchange was twice stated to be payable on the 31st of December, and also contained a direction to pay on the 31st of October. (*Chit. on Bills,* 151, *and notes,* 9*th Am. ed; Henschel* v. *Mahler,* 3 *Hill,* 132.) But the plaintiff's case can derive no aid from those authorities. The qualifying clause, that no demand shall be made as long as the interest is paid, was manifestly inserted with caution, and for the express purpose of leaving it to the choice of the promissor when he would pay the principal, or whether he would ever pay it. There is neither contradiction, ambiguity, or uncertainty to invoke the aid of this court as an interpreter; nor is there any ground from which to infer that any of the terms of the agreement found their way there either by fraud, accident or mistake. Neither is there any thing in the suggestion of the plaintiff's counsel that by the demand and refusal before suit brought the instrument became a note. The paper must have been a note when made or it never *could*

become so. (*Chit. on Bills,* 154, *and notes ; Hill* v. *Halford,* 2 *Bos. & Pul.* 413.)

The judge therefore committed an error in permitting the paper to be read in evidence as a promissory note.

New trial ordered.