JOHN J. DUFFIELD, Appellant, v. THOMAS JOHNSTON, Respondent.

C., having contracted with defendant to furnish and set the brown stone work for certain houses being built by the latter, for the purpose of procuring a credit from plaintiff for the stone required for the work, drew an order on defendant requesting him to pay plaintiff or order $650 when the brown stone work was "topped out," $400 when the stoops of the houses were set, and $375 when the work was completed. This order was accepted by defendant and thereupon plaintiff furnished stone to C., some or all of which was used in the performance of the contract; he so far performed that the first installment became due and was paid to plaintiff by defendant; but C. failed to perform the residue of the contract, and it was canceled by him and defendant; the latter finishing the work at his own expense. In an action to recover the other two installments, *held*, that plaintiff was not entitled to recover; that the order was not, and had not the effect of, a bill of exchange, but was payable only on condition that the work should be done by C. as specified.

(Submitted June 13, 1884; decided June 24, 1884.)

APPEAL from order of the General Term of the Court of Common Pleas in and for the city and county of New York, made February 6, 1884, which reversed a judgment in favor of plaintiff, entered upon a verdict, and granted a new trial.

The nature of the action and the material facts are stated in the opinion.

*I. T. Williams* for appellant.

*Arthur Hurst* for respondent. The acceptance was not a bill of exchange, or an instrument for the payment of money only, but a conditional acceptance for which a consideration must be alleged and proved, or a compliance with the conditions precedent established by proof. (*Parker* v. *Syracuse*, 31 N. Y. 376.) Evidence to establish a consideration was proper, and also as to the circumstances under which the order and acceptance were given. (1 Greenl. on Ev., §§ 275, 277, 282, 284, 286; 2 Pars. on Cont. * 549, 555, 557; *Blossom* v. *Griffin*, 13 N. Y. 573, 574, 577; *Baines* v. *Perine*, 12 id. 18, 29; *Field*

v. *Munson,* 47 id. 221; *Baldwin* v. *Bald,* 48 id. 673; *De Lavalette* v. *Wendt,* 75 id. 579; *Chapin* v. *Dobson,* 78 id. 74; *Bickett* v. *Taylor,* 55 How. 126; *Jones* v. *Jones,* 18 Hun, 438.) The acceptance was only an equitable assignment of any money due or to become due to Chave. (*Munger* v. *Shannon,* 61 N. Y. 251–257, 260; *Tooker* v. *Arnoux,* 76 id. 397, 400–401; *Southard* v. *Walsh,* 77 id. 301–303; *Conkling* v. *Gandall,* 1 Keyes, 231; *Cook* v. *Satterlee,* 6 Cow. 108; *Lowery* v. *Steward,* 25 N. Y. 239, 242, 244; *Morton* v. *Naylor,* 1 Hill, 583; *Parker* v. *Syracuse,* 31 N. Y. 376.)

EARL, J. This action was brought to recover the last two payments mentioned in the following instrument dated at New York, December 21, 1878.

". THOMAS JOHNSTON, Esq.:

"DEAR SIR — (1) Please pay to J. J. Duffield, or order, the sum of six hundred and sixty-six dollars when the brown stone work of your eight houses situate on the south side of East One Hundred and Fifth street, between Second and Third avenues, city, is topped out.

"(2) The sum of four hundred dollars when the stoops of said eight houses are set.

"(3) The sum of three hundred and seventy-five dollars when the brown stone work of the said eight houses is completed; and charge the same to me, and oblige yours, etc.

"WM. CHAVE."

Across the face of this instrument was written by the defendant these words, "Accepted, Thomas Johnston."

Chave had on the 5th day of November, 1878, agreed with the defendant to furnish and set the brown stone work for the eight houses. The plaintiff was a dealer in brown stone and Chave desired to purchase them of him to perform his contract. The plaintiff was reluctant to trust him for the stone, and then Chave drew the order, and procured its acceptance by the defendant, and delivered it to the plaintiff. Thereafter Chave

procured stone of the plaintiff, some or all of which he used in the performance of his contract ; but he never fully completed his contract. He so far performed it that the first payment of $666 became due, and that the defendant paid to the plaintiff. Chave never set all the stoops of the houses, and became wholly and absolutely unable to complete his contract, and then it was canceled by him and the defendant. Thereafter the defendant at his own cost and expense procured the stone work upon the houses to be completed. The plaintiff claims to recover because all the work specified in the order was in fact done. The defendant resists payment because Chave did not do the work or procure it to be done.

The order was not a bill of exchange, because it was not absolutely payable. (*Cook* v. *Satterlee*, 6 Cow. 108 ; *Seacord* v. *Burling*, 5 Denio, 444 ; *Van Wagner* v. *Terrett*, 27 Barb. 181 ; *Prindle* v. *Caruthers*, 15 N. Y. 426.) It was payable only upon condition that the work should be done as specified, and might never become payable. It cannot, therefore, have the force or effect of a bill of exchange. It does not purport upon its face to be founded upon any consideration, and none can be presumed. Hence it was necessary for the plaintiff to prove the consideration upon which it was given, and that brought into the case all the circumstances under which it was given.

It could operate only as an assignment to the plaintiff of what should become due to Chave from the defendant, or as a contract on the part of the defendant to pay the plaintiff the sums mentioned in the order upon the terms specified. As to the two sums last mentioned in the order, it never operated as an assignment, because Chave never earned them, and they never became due. As a contract it never made the defendant liable to pay the two sums, because it is clear that he was not to be liable to pay those sums until Chave did the work, and then he was to pay the two sums which would otherwise be payable to Chave, to the plaintiff. The defendant limited the conditions upon which he would make payments, and those conditions were never performed.

The order must be construed in the light of the circumstances under which it was given, and thus construing it, it is clear that the defendant did not bind himself to pay the two sums when he himself should do the work specified; but he bound himself to pay them only when Chave, or some one for him, should do the work, and then he was to pay, and charge the amount on account of the work to Chave. The defendant deprived himself of no rights by canceling the contract with Chave. After Chave had failed to perform, and was wholly unable to perform, the contract was canceled and he finished the work at his own expense.

The order appealed from should, therefore, be affirmed, and judgment absolute ordered against the plaintiff, with costs.

All concur.

Order affirmed and judgment accordingly.