BENJAMIN FOX, Respondent, *against* THE NEW YORK
WOOD TURNING COMPANY, Appellant.

(Decided April 13th, 1885).

H., while building a machine for defendant under a contract between
them, made and delivered to plaintiff a draft or order upon defendant
for a specified sum of money to be paid by defendant to plaintiff "upon
completion" of the machine. Defendant accepted the order, and after-
wards paid to H.'s workmen, on orders from H., more than the amount
of his order in favor of plaintiff, and more than the balance payable on
the machine, making such payments to insure the completion of the
machine, as H. was without means, and would otherwise probably have
been compelled to abandon the contract; but he was thereby enabled to,
and did substantially complete the machine. *Held,* that defendant was
liable to plaintiff upon the acceptance.

APPEAL from a judgment of the General Term of the
City Court of New York affirming a judgment of that court
entered upon the verdict of a jury and an order denying a
motion for a new trial.

The action was brought by plaintiff, as the payee named
in the following instrument, to recover the sum therein
mentioned from defendant upon its acceptance thereof:

　　　　　　　　　　　 " New York, Nov. 6th, 1882.
" To the New York Wood Turning Co.:
　" On completion of the square turning machine made for
turning newels (Machine No. 2), please pay to Benjamin
Fox, and charge to me on account of said machine, the sum
of one hundred and one dollars and 25-100, a note of $100,
now in the hands of Mr. Fox, to be surrendered on pay-
ment of this order.　　　　　　　　A. E. HEATON."
　" Nov. 6th, 1882.
" Accepted.
　　　 " C. C. PECK.
　　　　　　*Treasurer.*"

Heaton, the drawer, was, at the date of this instrument,

engaged in building for defendant the machine mentioned therein. The complaint alleged that, upon completion of said machine, plaintiff demanded from defendant payment of said order or draft, which defendant refused.

At the trial, the jury found a verdict for plaintiff. Defendant made a motion for a new trial, which was denied, and judgment for plaintiff was entered upon the verdict. From the judgment and the order denying the motion for a new trial, defendant appealed to the General Term of the City Court, which affirmed both, and from this decision defendant appealed to this court.

*J. W. Hawes*, for appellant.

*Charles Fox*, for respondent.

VAN HOESEN, J.—The order and the acceptance operated as an assignment to the plaintiff of what should become due from the defendant to Heaton on the completion of machine No. 2 (*Munger* v. *Shannon*, 61 N. Y. 251; *Duffield* v. *Johnson*, 96 N. Y. 369). The jury has found that the machine was completed. There is evidence to sustain the finding, though the probabilities are that the machine still lacks a few small things essential to its completion. It is nevertheless substantially complete.

The question then is whether there is anything due to the plaintiff according to the terms of the assignment.

The answer to that question may be found in the letter of Peck, the treasurer of the defendant, dated May 28th, 1883, and addressed to the plaintiff, in which he says, "When your agent presented the order I told him that I would as soon pay to him any amount due on the machine, when completed, as to Mr. Heaton, and so signified on the order. The machine was not so near completion then as I supposed, and had been informed. We were *after that* obliged to pay out to Mr. Heaton more than the amount of the order, and more than the balance on the machine, and

finally were compelled to take the machine in an unfinished condition to the factory."

In his letter of June 4th, Peck says that subsequently to the date of the order he paid no money to Heaton, but the fact is that he paid money to Heaton's workmen on Heaton's orders. Of course, this is tantamount to paying Heaton personally.

It is true that the defendant felt that there was a necessity for paying Heaton's workmen if the machine was to be completed by Heaton. Heaton was without means, and in all probability would have been compelled to abandon the contract for the building of the machine if the defendant, or some other person, had not come to his assistance, but with the aid that he received, he was able to complete his contract. In this respect this case differs from that of *Duffield* v. *Johnson* (*supra*), where Chave, who occupied the position that Heaton holds in this action, agreed to the cancelling of his contract, on account of his inability to perform it, and where the defendant completed the contract at his own expense.

In this case, it appears that it suited the defendant to make advances to Heaton. These advances must be considered as loans to Heaton, made to him upon his own responsibility. It is not enough to say that the defendant might have been compelled to employ other workmen to complete the machine, if these advances had not been made to Heaton. The defendant enabled Heaton to complete the machine, and it thereby prepared the way for the happening of the condition on which it was to become liable to pay the order. It may well be that if Heaton had abandoned the contract, the defendant would not have been liable upon the order, but as he did not abandon the contract, but performed it, the contingency has arrived that the order provided for. The letter of Peck leaves no doubt that after the order was accepted the defendant paid out to Heaton (or his workmen on his orders) more than the amount of the order. This could not be done. After having accepted the order it was the duty of the defendant to withhold from

the contract price of the machine an amount sufficient to pay the acceptance. Any other rule would make an acceptance utterly valueless.

The judgment should be affirmed, with costs.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Judgment affirmed, with costs.