NATIONAL BANK OF THE COMMONWEALTH *vs.* ALEXANDER LAW & others.

Suffolk.   March 20, 1878; April 9. — June 25, 1879.

Since the St. of 1874, c. 404, the liability of a person who puts his name on the back of a promissory note above the name of the payee is conditional on the failure of the maker to pay, and not absolute.

Since the St. of 1874, c. 404, if one partner signs as maker a promissory note, in his individual name, payable to a third person, and, in fraud of his partners, signs the firm name on the back of the note, above the name of the payee, a person who buys the note before maturity has notice from the form of the note of the conditional liability of the other members of the firm, and cannot maintain an action against them upon the note.

CONTRACT against the first-named defendant as maker, and the other defendants as indorsers, on the following promissory

note: "$3000.  New York, January 20, 1877.  Four months after date I promise to pay to the order of Charles F. Parker & Co. three thousand dollars at the National Bank of Commerce, Boston, Mass.  Value Received.  Alexander Law."  On the back of the note was the name " John Savery's Sons," and under it " Charles F. Parker & Co."

Trial in the Superior Court before *Rockwell*, J., who reported the case for the determination of this court, in substance as follows:

The note in suit was signed by Alexander Law, indorsed by him in the firm name of John Savery's Sons, and by Charles H. Demerritt in the name of Charles F. Parker & Co., a firm doing business in Boston, of which firm he was a member; at maturity thereof due demand was made and notice given, and no part of the note has been paid.

Law, at the time the note was made and negotiated, was a member of the firm of Charles F. Parker & Co.; and he and the other defendants were members of the firm of John Savery's Sons.  The sole business of this firm was the manufacture of hollow iron ware in Jersey City, and the sale thereof at its place of business in the city of New York.  Law had for many years been the manager and head of the firm, and had signed its name in the ordinary course of its business; but the firm had never, during all that time, made or issued any promissory notes or other negotiable paper, nor indorsed any notes, except that it indorsed for collection such notes as it received from its customers; and, since May 1876, Law, by arrangement among the partners of the firm, had been deprived of the right to sign checks upon the bank in New York in which the funds of the firm had been deposited, and the bank had been notified to that effect; but the plaintiff had no knowledge of this fact, and no notice or ground of suspicion of any want of authority in Law to use the name of the firm in the ordinary course of business.

The note. in suit was brought to the banking-house of the plaintiff on February 3, 1877, before its maturity, by John Demerritt, who procured at the time a loan from the plaintiff of $2200 upon his own note for that amount, payable on demand to the bank, and deposited the note in suit as collateral security therefor.  No part of the loan to Demerritt has been paid.

The plaintiff had previously discounted negotiable paper bearing the name of John Savery's Sons, which had been paid in due course of business, but which had been in fact issued by Law without the knowledge or authority of any of his partners, and paid without their knowledge that it ever existed; and the plaintiff had inquired into the standing of the firm of John Savery's Sons, and found it to be unquestioned.

The note in suit was, in fact, made, indorsed and issued by Law without the knowledge, consent or authority of any other member of the firm of John Savery's Sons, and in fraud of the firm, and not in the course of its business or for its benefit or for any consideration moving to the firm; but the plaintiff had no knowledge, notice, suspicion or ground of suspicion of this fact, or of any infirmity in the note or the negotiation thereof, unless the same is to be inferred from the form of the note, and from the facts and circumstances above stated.

Upon these facts, the judge ruled that, from the form of the note itself, the plaintiff was, as matter of law, affected with notice of the defence existing to the note on the part of the defendants other than Law, and directed a verdict for them. If this ruling was incorrect, a new trial was to be ordered; otherwise, judgment on the verdict.

The case was argued at the bar, and was afterwards submitted on briefs to all the judges.

*W. G. Russell & C. H. Drew*, for the plaintiff.

*E. Avery*, for the defendants.

GRAY, C. J. It is unnecessary to consider whether, according to the decisions of this court upon promissory notes made before the St. of 1874, *c.* 404, took effect, the defendants, by reason of their signature having been placed upon the back of this note before its delivery to the payees, would have been deemed original promisors and jointly liable with the maker whose name appears upon the face of the note; because by this statute it is enacted that "all persons, becoming parties to promissory notes payable on time, by a signature in blank on the back thereof, shall be entitled to notice of the non-payment thereof the same as indorsers." Parties to a promissory note, who are entitled to notice of non-payment thereof by the maker, cannot be charged until he has failed to pay the note according to his contract; their liability

depends on different facts and conditions, and is therefore necessarily several and distinct from his, and is, at the inception of the contract, a conditional and secondary, and not an absolute and primary liability.

One partner has no authority, without the assent of his copartners, to sign the name of the partnership to a note for the individual debt of himself or of a stranger; and all persons who take such a note with knowledge, either from its appearance or otherwise, that it was made for the separate accommodation of one partner or of another person, cannot recover against the other partners without proving their authority or assent. In the present case, the defendants' name being upon the back of the note above that of the payees, it was apparent upon the note itself, read in the light of the statute, which every one was bound to know, that the liability of the partnership was but conditional and secondary, and therefore that, *prima facie* at least, their signature was affixed for the accommodation and benefit of Law; and the ruling at the trial was correct. *Angle* v. *Northwestern Ins. Co.* 92 U. S. 330. *West St. Louis Savings Bank* v. *Shawnee Bank*, 95 U. S. 557. *Chazournes* v. *Edwards*, 3 Pick. 5. *Sweetser* v. *French*, 2 Cush. 309. *Rollins* v. *Stevens*, 31 Maine, 454. *Fielden* v. *Lahens*, 2 Abbott N. Y. App. 111. *Lemoine* v. *Bank of North America*, 3 Dillon, 44. *Judgment on the verdict.*