EMMA DANIELS *vs.* FRANK S. HAMMOND & another.

Suffolk.   March 5, 1891. — June 26, 1891.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Partnership — Partner's Private Debt.*

A partner cannot bind the partnership for his private indebtedness by offering payment, and, upon his creditor's assenting to his further offer to borrow the amount for the partnership, giving him therefor merely a firm note, unless his copartner has knowledge of the transaction and assents thereto.

CONTRACT, against Frank S. Hammond and Edgar G. Scripture, for money lent by the plaintiff to the defendants as members of the firm of Hammond and Scripture.  Scripture alone defended.

At the trial in the Superior Court, before *Thompson,* J., the evidence tended to show that on November 17, 1888, the plaintiff, through her husband as her agent, lent to the firm of Stewart, Hammond, and Mead, of which firm the defendant Hammond was a member, one thousand dollars of her own money, and received therefor a promissory note for that amount payable on demand to her order, signed by Hammond and indorsed by him before delivery to her in the name of the firm; that the defendant Scripture was not a member of this firm; that the firm of Stewart, Hammond, and Mead shortly after was dissolved, and the firm of Hammond and Scripture afterwards formed, on April 1, 1889; that about May 17, 1889, Hammond called upon the plaintiff's husband and told him that he was a partner with the defendant Scripture, and then said, "I want to settle up with you," at the same time telling him that he would like to retain the money for the benefit of the firm of Hammond and Scripture; that the plaintiff's husband then proceeded to inquire as to the financial standing of Scripture, and, finding it good, in a subsequent conversation with Hammond told him that the firm of Hammond and Scripture could have the money; that Hammond then drew a promissory note payable on demand to the order of the plaintiff for $1,240, which he signed with his own name and indorsed in the name of the firm of Hammond

and Scripture, and delivered it to the plaintiff's husband for her. The evidence further tended to show that the defendant Scripture knew nothing of the loan, or of the giving of the note last referred to, until demand was made upon him in September, 1889.

At the conclusion of the evidence, the judge ruled that the plaintiff was not entitled to recover, and ordered a verdict for the defendant; and the plaintiff excepted. By agreement of parties, if the plaintiff was entitled to recover, the verdict was to be set aside and judgment entered for the plaintiff in the sum of one thousand dollars; otherwise, judgment was to be entered upon the verdict.

The jury returned a verdict for the defendant Scripture; and the plaintiff alleged exceptions.

*W. I. Badger,* for the plaintiff.

*C. R. Elder,* for Scripture.

MORTON, J. The question in this case is whether the circumstances were such that, as matter of law, the plaintiff had actual or constructive notice that the indorsement made by Hammond of the firm name upon the note was made without the assent and in fraud of the defendant Scripture, and we think they were. The plaintiff, or what is the same thing, her agent, knew that of the two defendants Hammond was alone liable on the note which she held bearing the indorsement of Stewart, Hammond, and Mead; or, in other words, that it was the debt of the defendant Hammond, and not the debt of the defendant Scripture or of the firm of Scripture and Hammond. The plaintiff's agent knew when he took the defendant's note, indorsed by the defendant with the firm name of Scripture and Hammond, that, if he was taking it as payment, he was taking it as payment of the indebtedness of Hammond. If, as he claims, he was taking it as evidence of a loan to Scripture and Hammond, he knew that the note which he was receiving was considerably in excess of the amount he was lending, and the bill of exceptions discloses no explanation whatever of that fact. On the contrary, the statement in it is, that, if the plaintiff is entitled to recover, she is to have judgment for one thousand dollars and interest, and not for the amount of the note and interest, showing that the whole amount of the note was not a loan to Scripture and

Hammond. If it had been, the plaintiff would have asked for judgment for its face and interest, and been entitled to it, if entitled to anything. Again, there is nothing in the exceptions to show that the note which the plaintiff held bearing the indorsement of Stewart, Hammond, and Mead was surrendered at the time the note in suit was taken, or was paid in any other way than that it was considered cancelled when the alleged loan was made to the firm of Scripture and Hammond; and nothing to show that any part of the first note went to the benefit of Scripture and Hammond, although neither that fact, nor the fact that the note was the note of the defendant Hammond indorsed by him with the firm name, would of themselves perhaps be sufficient notice of fraud. *Wait* v. *Thayer*, 118 Mass. 473. *Atlas National Bank* v. *Savery*, 127 Mass. 75.

We do not think a partner can shift his private indebtedness from his own shoulders to those of his firm by offering to his creditor to pay his debt, and then asking him to lend the amount to the firm of which he is a member, and thereupon, on the creditor's assenting, giving him without anything more a firm note for the amount, unless it is shown that the transaction is in some way brought to the knowledge of and assented to by the other member or members of the firm. It certainly would open a wide door to fraud to admit such a doctrine. *Chazournes* v. *Edwards*, 3 Pick. 5. *Sweetser* v. *French*, 2 Cush. 309. *Fall River Union Bank* v. *Sturtevant*, 12 Cush. 372. *Locke* v. *Lewis*, 124 Mass. 1. *National Bank of the Commonwealth* v. *Law*, 127 Mass. 72, 75. *Shirreff* v. *Wilks*, 1 East, 48. 1 Lindl. Part. (2d Am. ed.) 171.

The evidence showed that the defendant Scripture did not know of the giving of the note till demand was made upon him in September, 1889, several months after the giving of the note. We think, therefore, the entry must be,

                                    *Judgment on the verdict.*