WILBUR P. RICE vs. FRANCIS DOANE & another, assignees.

Suffolk.    March 22, 1895. — June 21, 1895.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Partner's Private Debt — Proof of Debt against the Estate of a Firm in Insolvency.*

If A., the creditor to the amount of five hundred dollars of B., who is one of two partners, gives his check for that amount to the firm, and gives B. a receipt for five hundred dollars, and B. gives A. the firm's note for one thousand dollars, without the assent or knowledge of the other partner, and there is nothing in their dealings with each other, or in B.'s dealings with A. or other parties, which expressly or impliedly authorizes B. to give the firm's note in payment of his own private indebtedness, the transaction is, in substance, paying the private debt of B. to the extent of five hundred dollars, and A. can only prove his claim for five hundred dollars with interest against the estate of the firm in insolvency.

APPEAL from a decision of the Court of Insolvency, allowing the claim of the plaintiff against the insolvent estate of a partnership for five hundred dollars, instead of one thousand dollars. Trial in the Superior Court, without a jury, before *Mason,* C. J., who reported the case for the determination of this court, in substance as follows.

On May 15, 1893, William W. Winkley and Edwin D. Dresser were, and for some years had been, manufacturers and dealers in stationery, as equal partners, under the firm name of Winkley, Dresser, and Company. Winkley gave his attention to the practical conduct of the merchandise transactions, including purchase of stock and preparation of goods, and was not familiar with the books or the financial management of the business. He knew that the firm obtained loans or discounts from time to time as the business required, but did not know the amounts, nor from whom these were obtained. Dresser had entire charge of the books and of the financial management, secured loans or discounts at his discretion for the needs of the business, using the firm name to indorse or sign paper therefor. The firm was of good financial repute and excellent credit. The partners were not limited by the articles of copartnership as to the amount which they should severally draw from the common

fund, and each drew as he had occasion without consulting the other, having proper charge made of the sums so drawn. The partners did not keep separate bank accounts, but checks upon the firm deposit were given in payment of private bills of each partner as a convenient mode of drawing from the common fund. There was an understanding between the partners that the amount drawn by either should not exceed two thousand dollars per year.

In the spring of 1893, Dresser was building a house for his own use, and drew from the firm various sums which he applied to payment of bills incurred therein. A short time previous to said May 15, Dresser paid the plaintiff by the firm's check four hundred dollars upon an indebtedness of nine hundred dollars incurred in building said house. On said May 15 the plaintiff called upon Dresser for payment of the remaining five hundred dollars due him, whereupon Dresser told the plaintiff that the firm was a little short, and if he would lend the firm one thousand dollars for sixty days, he, Dresser, would pay the plaintiff's bill. The plaintiff assented, and gave to Dresser a receipt for the five hundred dollars due him, and his check to the order of the firm for five hundred dollars; and Dresser gave to the plaintiff the firm note for one thousand dollars, payable in two months from date, which note has never been paid, and is the note now offered in proof against the insolvent estate. The plaintiff had no distrust of the financial standing or credit of either Dresser or the firm, but had entire confidence in both. It did not appear whether Dresser had drawn more than his partner from the firm, nor whether he had drawn more than the understanding between the partners permitted; but the plaintiff had no knowledge that Dresser was withdrawing more than he could rightfully do, if such was the fact, nor had he any other cause to know or suspect that Dresser was misusing the credit of the firm than the form of the transaction in question. Both Dresser and Rice acted in the transaction in good faith, intending to effect the payment of Dresser's private debt to Rice with money properly withdrawn by Dresser from the firm, and also to effect a loan of one thousand dollars to the firm from Rice.

The form of the transaction was adopted only as a convenient form of adjusting the balance arising. The partner Winkley

had no knowledge of the transaction, and never assented to it in any way; neither had he knowledge that the firm note had in any case been given to pay a private debt of either partner, nor had he ever assented that it should be given for such purpose. On these facts the Chief Justice allowed the claim of the plaintiff only for five hundred dollars paid by him to the order of the firm, with interest.

If the above order was erroneous in law, the claim was to be allowed for the full amount of the note, with interest.

*S. L. Whipple,* for the plaintiff.

*B. W. Warren,* for the defendants.

MORTON, J. When Rice called on Dresser for payment of the balance of five hundred dollars, the latter told him that the firm was short, and that if he would lend the firm one thousand dollars for sixty days, he would pay the bill. Thereupon Rice gave his check for five hundred dollars to the firm, and gave Dresser a receipt for five hundred dollars, and Dresser gave him the firm's note for one thousand dollars, payable in sixty days. This transaction was, in substance, paying the private debt of Dresser to the extent of five hundred dollars with the firm's note. Its real character is not affected by the fact that neither Rice nor Dresser intended any fraud, or went through the form of lending and borrowing a thousand dollars for the firm; they adopted the form which they did only as a convenient mode of adjusting the balance. Although each partner had authority to draw checks on the firm deposit in payment of private debts, and Dresser had done that once with Rice, and although Dresser had authority to borrow money for the firm and give its notes therefor, there was nothing in their dealings with each other, or in Dresser's with Rice or other parties, which expressly or impliedly authorized him to give the firm's note in payment of his own private indebtedness. The note was taken by Rice with knowledge of the fact that it was given in part for the private indebtedness of Dresser, and it would have been good in his hands as against the firm only to the extent of the money actually furnished to the firm, unless assented to by the other partner. *Daniels* v. *Hammond,* 154 Mass. 165.

But the court expressly found that "the partner Winkley had no knowledge of the transaction, and never assented to it in any

way; neither had he knowledge that the firm note had in any case been given to pay a private debt of either partner, nor had he ever assented that it should be given for such purpose."

We think that the ruling of the learned Chief Justice of the Superior Court was right.

*Order allowing the claim of Wilbur P. Rice only for five hundred dollars, with interest, affirmed.*