OLIVER H. DURRELL & another, assignees, *vs.* GEORGE
P. STAPLES.

Suffolk.   January 21, 22, 1897. — June 16, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Promissory Note — Partnership — Insolvent Debtor.*

The giving by B., without the knowledge or authority of C., who does not ratify
the act, of a promissory note in the name of a firm composed of A., B., and C.,
in payment of a note given by A. individually for money borrowed to enable him
to pay in his share of the capital of the partnership, is not within the general
authority of a partner to bind his firm, and if it was not done according to the
usual course of the firm's business, and no authority to use the firm's name for
such a purpose was contained in the articles of copartnership, the note cannot
be proved against the estate of the firm in insolvency, although the firm note
was given for the purpose of preventing legal proceedings being taken to reach
A.'s interest in the property of the firm.

APPEAL from a decision of the Court of Insolvency, allowing a claim of the appellee against the insolvent estate of the firm of Ceiley and Wright, composed of Herbert H. Ceiley, Warren I. Wright, and Nathaniel D. Whitney, upon a promissory note signed in the firm name. Trial in the Superior Court, without a jury, before *Hammond*, J., who found for the appellants; and the appellee alleged exceptions. The facts appear in the opinion.

*C. W. Bartlett & E. R. Anderson*, for the appellee.

*M. P. Beckett*, (*J. H. Butler* with him,) for the appellants.

FIELD, C. J. This appeal was tried by a justice of the Superior Court, without a jury. The exceptions recite as follows: " At the conclusion of the evidence, the appellee requested the court to rule that, upon all of the evidence in the case, the claim of the appellee should be allowed against the firm assets. This ruling the court refused, but did find, as a matter of fact, and ruled as follows. The partnership articles were signed, and capital paid in, and the business entered upon and continued until several months after the date of the note in suit. The capital paid in by Ceiley was borrowed by him of Staples, who took Ceiley's individual note therefor. From time to time the payments were made by Ceiley; and the note renewed. In March, 1894, there was due Staples $8,100; he threatened to take legal proceedings to reach the interest of Ceiley in the firm, and on March 31, 1894, Staples, Ceiley, and Wright met in the office of Staples's attorneys, and it was then agreed between them there, that if $300 was paid on the claim, and the firm note given for the balance, Staples would forbear the taking of the steps threatened. In pursuance of that agreement $300 were paid Staples by the firm check, and Wright signed and delivered to Staples the note in suit, and Staples forbore on account of this. Whitney had no knowledge of these transactions, and never in any way ratified them. On these facts I rule that the note is not the note of the firm, and, having so ruled, I find for the assignees. To all these findings, rulings, and refusals to rule, the appellee duly excepted."

We have no doubt that it was competent for the justice to find on the evidence " that Whitney had no knowledge of these transactions, and never in any way ratified them," which we take to mean that, at the times when the firm notes were given,

Whitney had no knowledge that they were given, and that he never authorized or ratified the giving of them. Whitney testified that the first he heard about either note signed in the firm's name was after the second note was given; that "he thought he heard about it a very few days, it might have been the next day, after the note of April 14 was given"; and that "he had no talk at any time with Mr. Wright or Mr. Ceiley about the firm note being given in the place of the individual note, and never assented to any firm note in any form." There is no other testimony that Whitney knew at any time before the failure and insolvency of the firm that any firm note had been given to Staples.

After the expiration of the limited partnership, Ceiley, Wright, and Whitney became general partners in carrying on the business theretofore carried on by them as a limited partnership. This firm note which Staples attempted to prove in insolvency against the firm was given April 14, 1894, for $7,700, in renewal of another note signed in the name of the firm, dated March 31, 1894, for $100 more, which had been given in payment of a note signed by Ceiley, which was the last of a succession of renewals of a note originally given to Staples by him for money borrowed on his individual account, to enable him to pay in his share of the capital of the limited partnership. Wright was induced to give the notes of March 31, 1894, and April 14, 1894, in the name of the firm, in order that Staples might not institute a suit in equity on Ceiley's note, for the purpose of reaching and applying Ceiley's interest in the firm property to the payment of Ceiley's indebtedness to him. The giving of a firm note by one partner for such a purpose is not within the general authority of a partner to bind his firm, and there is no evidence that it was according to the usual course of this firm's business. No authority to use the firm's name for such a purpose is found in the original articles of limited partnership under which, so far as there were any articles, this firm continued to do business after the expiration of the term of the limited partnership. We are of opinion that the ruling of the justice of the Superior Court on the facts found by him was right. *Chazournes* v. *Edwards*, 3 Pick. 5. *Fall River Union Bank* v. *Sturtevant*, 12 Cush. 372. *Daniels* v. *Hammond*, 154 Mass. 165. *Rice* v. *Doane*, 164 Mass. 136.                                        *Exceptions overruled.*