FRANK HARRINGTON *vs.* JOSHUA BAKER & another.
IN RE PETITION OF MONUMENT NATIONAL BANK.

Suffolk. March 29, 1899. — May 20, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Promissory Note — Notice to Discounter of Accommodation Indorsement.*

A promissory note payable to B., signed by A., and indorsed by B. in the name of a firm of which he was a member, was sent to a bank enclosed in a letter signed by him, stating that "we have good captains in our employ who we frequently assist, and the enclosed I offer you I do not hesitate to say is a strong one for the reason our concern, B. & Co. do not have any notes out of any nature." The bank had no communication with A., but discounted the note by sending to B. a check payable to B.'s order. *Held*, that the letter gave notice to the bank that the indorsement of the firm name was for accommodation.

BILL IN EQUITY, filed April 2, 1898, in the Superior Court, for the dissolution of the firm of J. Baker and Company, composed of Joshua Baker, the plaintiff, and Joshua Baker, Junior; and for the appointment of a receiver. The bill alleged that Joshua Baker had, without the knowledge or subsequent ratification of his partners, and in fraud of their rights, affixed the firm name to sundry promissory notes as maker and indorser, for his own benefit. On April 6, 1898, a decree was entered in accordance with the prayers of the bill.

On September 27, 1898, the Monument National Bank filed a petition in the cause, asking to prove against the estate of J. Baker and Company a promissory note for $1,500, dated February 8, 1898, payable four months after date to the order of Joshua Baker, signed by Charles H. Richardson, and indorsed "Joshua Baker. J. Baker & Co." Hearing of the petition before *Bishop*, J., who found the following facts.

The note was given in part renewal of another note for the sum of $1,750, dated September 10, 1897, signed and indorsed by the same names, and payable to the order of Joshua Baker in four months from date. Upon the maturity of the first note Baker paid the petitioning bank the sum of $250 in cash, and gave the note sought to be proved to the bank for the balance, and took up the first note. Baker indorsed the firm name of J. Baker and Company upon both notes without the knowledge or assent of either of his copartners, and neither of them subsequently ratified the indorsements, and no part of the proceeds of the discount of the notes went to the firm, but the same went to his own use ; and the names of Joshua Baker and J. Baker and Company indorsed upon the notes were both written by Baker. The first note was enclosed in a letter signed by Baker, which was addressed to and received by the cashier of the bank, and which contained the following : " We have good captains in our employ who we frequently assist, and the enclosed I offer you I do not hesitate to say is a strong one for the reason our concern, J. Baker & Co. do not have any notes out of any nature."

The first note was discounted, and the proceeds thereof, less interest, were sent to Baker by a check payable to his order.

The bank had no communication with Richardson, the maker of the note ; and, in dealing with Baker, understood and supposed that it was dealing with him as a member of the firm of J. Baker and Company.

The first note was discounted, by the bank in good faith, for value, under the belief on the part of the bank that the proceeds were for the use and benefit of the firm, without notice that the note was for the benefit or accommodation of any person or persons other than the firm, unless the letter in which the note was enclosed to the bank was, as matter of law, notice that the note was accommodation paper ; and the same finding was made as to the second note sought to be proved in this case. The judge ruled that, as matter of law, the letter was notice to the bank that the first note was accommodation paper and was indorsed by the firm for the benefit and accommodation of a person or persons other than the firm, and that the bank was affected with notice thereof, and was a holder of the second note with the same notice ; dismissed the petition ; and reported the case for

the determination of this court. If the ruling was wrong, the petition was to be allowed, and the note proved for the sum of $1,500, with interest from the maturity of the note ; otherwise, the order dismissing the petition was to be affirmed.

*G. W. White*, for the Monument National Bank.

*W. B. French*, for the receivers.

HOLMES, J. The only question reported is whether the letter accompanying the note which the petitioner discounted gave notice that the indorsement of the firm name was for accommodation. The words with which the letter begins gave that notice in plain terms. " We have good captains in our employ who we frequently assist, and the enclosed I offer you I do not hesitate to say is," etc. These words import that the offer of the enclosed note is a case of assistance to captains in the firm's employ. The only assistance apparent was the firm's indorsement. An indorsement for the assistance of another presumably means an indorsement for his accommodation. If the contemplated assistance had been a subsequent loan to the captain of the firm's own money, and it had been intended to receive the proceeds of the note to the use of the firm, there would have been no point or sense in mentioning the habit of assisting their captains. As a subsequent independent transaction it would not have concerned the bank.

The bank had no communication with the maker of the note, but paid the discount by sending to Baker, the partner who indorsed the firm's name, a check to Baker's order. But as he was the person who conducted the transaction, the form of the check did not amount, necessarily and as matter of law, to notice that the bank understood that the note belonged to the firm, and that the discount was for the firm's account. Whether it would have warranted a finding to that effect, in view of the note's being made to Baker's order and being indorsed by him, is not before us. It is assumed by both sides that if the bank had notice that the original note was made for accommodation, the firm were not bound by it, (*National Bank of the Commonwealth* v. *Law*, 127 Mass. 72, 75,) although the person actually accommodated was Baker, not Richardson the maker as the letter represented, and that the renewal stands no better. *Western Bank* v. *Mills*, 7 Cush. 539, 546. *Chenery* v. *Barker*, 12 Gray, 345, 346.

*Order dismissing petition affirmed.*