### In re A. F. HARDIE & CO.

(District Court, W. D. Texas, San Antonio Division. February 7, 1903.)

#### No. 343.

BILLS AND NOTES—PARTNERSHIP AS JOINT MAKER—NOTICE TO PURCHASER OF DEFENSES.

Promissory notes signed by a corporation first and by a partnership second as a joint maker, impart notice on their face that the transaction was not one in the usual and ordinary course of borrowing money for partnership purposes, and to bind the firm it is incumbent on a purchaser, although for value and before maturity, to prove either that the proceeds were used by the firm, or that all of the partners either assented to the execution of the notes or subsequently ratified the same.

[Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, § 846.]

In Bankruptcy. On certificate of referee.

Keller & Keller and Terrell, Hopkins & Terrell, for trustee.
Crawford & Crawford, for Union Nat. Bank.

MAXEY, District Judge. The Union National Bank of Kansas City, on May 8, 1905, presented to the referee in bankruptcy for allowance against the bankrupt firm of A. F. Hardie & Co. 12 notes for the sum of $2,500 each. The claims were duly allowed. But afterwards, on motion of the trustee, they were disallowed and expunged

from the list of claims. To the action of the referee the bank excepted and filed its petition for review. The referee certifies to the court the following question:

"Was the Union National Bank an innocent purchaser, without notice, of the 12 notes attached to the claim?"

The 12 notes, except as to the date of maturity, are in the following form:

"$2500.0ᴑ                                        Dallas, Texas, February 16, 1905.

"April 10, 1905, after date we promise to pay to the order of Spence and Leonard Hardie, Twenty-five Hundred Dollars, at Dallas, Texas, with interest from date until paid at six per cent per annum. If this note is not paid at maturity and is collected by suit or attorney, we further promise to pay ten per cent additional on principal and interest for attorney's fees. Value received.

"Hardie Rose Co.,
"By A. F. Hardie, Pres.
"A. F. Hardie & Co.,
"A. F. Hardie.

Indorsed:

"Spence Hardie,
"Leonard A. Hardie.
"Pay Union National Bank, Kansas City, Mo., or order Swofford Bros., D. G. Co. By J. J. Swofford, Pres."

It is shown by the testimony that these notes were gotten up by A. F. Hardie and J. M. Hardie, and that either the Hardie-Rose Company, a corporation of Dallas, Tex., or A. F. Hardie, personally, or J. M. Hardie, received the proceeds thereof, and that the firm of A. F. Hardie & Co., a partnership of San Antonio, Tex., and Max Kaliski, who was an active member thereof, and who furnished a large part of the capital of the firm, received no benefit whatever therefrom and did not know of their execution, and never consented to or ratified their execution, and never heard of the existence of the notes until the day that A. F. Hardie & Co. failed, to wit, April 22, 1905, at which time J. M. Hardie told Max Kaliski of the transaction and urged the book-keeper of the firm to enter the notes in their books, which the book-keeper refused to do. It was also clearly shown by the proof that the bank was a purchaser for value of the notes before maturity and had no notice of any infirmity in them except what was disclosed on their face.

The question, raised by the petition for review filed by the Union National Bank of Kansas City, has been considered with unusual care; and a large number of authorities, including English and American text-books, encyclopedias, and judicial decisions, have been examined in the effort to reach a satisfactory conclusion. No decision directly in point has been found by the court nor have the researches of counsel produced one. The question, however, must be determined, and, although doubtful of its correctness, the following conclusion is announced. The name of the Hardie-Rose Company, appearing as the first joint maker on the face of the notes, with the partnership name of A. F. Hardie & Co. immediately following, imparted notice to third parties that the transaction was not one in the usual and ordinary

course of business of borrowing money for partnership purposes; and in order to bind the firm of A. F. Hardie & Co., the loan not being intended for its benefit, it was incumbent on the bank, notwithstanding its purchase of the notes for value before maturity, to prove (1) that the money was used by the firm of A. F. Hardie & Co.; or (2) that the protesting partner, Kaliski, either assented to the execution of the notes or subsequently, expressly or by implication, ratified the act. See Bank v. Law et al., 127 Mass. 72; Lemoine v. Bank, Fed. Cas. No. 8,-240; Sherwood v. Snow, Foote & Co., 46 Iowa, 481, 26 Am. Rep. 155; Stall v. Catskill Bank, 18 Wend. 467; 1 Dan. Neg. Instruments (3d Ed.) § 365; 22 Am. & Eng. Enc. Law, pp. 144–146; Parsons on Part. (4th Ed.) § 145.

The proof being clear that the money was not borrowed for the benefit of the firm; that Kaliski knew nothing of the existence of the notes at the date of their negotiation; and that he never, subsequently, expressly, or impliedly ratified the act, it follows that they are not binding on the firm.

The order of the referee, of October 26, A. D. 1906, expunging the notes of the bank from the list of claims against the estate of the bankrupts was therefore correct, and it is accordingly affirmed.