STATE FINANCE CORPORATION *vs.* JOSEPH PISTORINO & another.

Suffolk. April 11, 1923. — May 25, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & PIERCE, JJ.

*Bills and Notes,* Holder in due course, Indorsement. *Partnership.*

Where, in an action upon a promissory note by a holder in due course against a firm whose name was indorsed thereon, it appears that all indorsements were in blank and that the order of indorsements was, first, that of the payee, second, that of the defendant firm, third and fourth, those of two other persons, and, fifth, a second indorsement by the payee, and the judge, who heard the action without a jury, found that the indorsement of the

defendant partnership's name was by one partner without authority of his copartner and for the accommodation of the maker and that the plaintiff had neither knowledge nor notice of the lack of authority of the indorsing partner, it was *held*, that

(1) On the record, the fact, that the indorsement of the firm name of the defendants by one partner was without authority, was not a defence;

(2) The finding, that the indorsement of the defendants was for the accommodation of the maker, was final, and the order of indorsements did not show as a matter of law that the indorsement of the defendants was for the accommodation of the payee;

(3) The fact, that the note before maturity came in the usual course of business into the hands of the payee after having been once negotiated by him, did not destroy its negotiability nor defeat the right of a subsequent *bona fide* holder to recover against all previous parties;

(4) The plaintiff could have struck out all previous indorsements not necessary to his own title, and have held the defendants under the blank indorsement by their firm.

CONTRACT against the members of the firm of Pistorino and Yunes as indorsers of a promissory note for $7,500, dated July 12, 1921, payable sixty days after date to the order of Kreger Navigation Company, Incorporated, signed, " Elias Berlow Corporation, Elias Berlow, President," and bearing indorsements as follows: " Kreger Navigation Co., Inc. M. L. Gilbert, Pres." " Pistorino & Yunes by M. L. Yunes," " Elias Berlow," " M. L. Gilbert," and " Kreger Navigation Co. M. L. Gilbert, Pres." Writ dated September 16, 1921.

In the Superior Court, the action was heard by *McLaughlin*, J., without a jury. The judge found that the note was indorsed by Yunes, a member of the firm of Pistorino and Yunes, a trading partnership, without authority from his partner and for the accommodation of the Elias Berlow Corporation, and that the plaintiff was a holder in due course and had no notice nor knowledge that the indorsement made by Yunes was without the assent of Pistorino.

The defendant Pistorino asked for the following rulings:

" 1. Upon all the evidence, the defendant Pistorino is entitled to a verdict.

" 2. If the court find that the note was indorsed merely as an accommodation to the maker and that the defendant Pistorino was ignorant of the fact of the indorsement and neither authorized his partner Yunes to indorse the same

with the firm name, nor ratified such action by the defendant Yunes, the court should find for the defendant Pistorino.

"3. One partner has no implied right to indorse the firm name upon negotiable instruments, which are not connected with the transactions of the partnership. The partnership agreement between the defendants Pistorino and Yunes does not confer upon either partner the power to bind the other by the indorsement of accommodation paper with the firm name.

"4. There is no evidence that the defendant Yunes was authorized to bind the defendant Pistorino by the indorsement of accommodation paper.

"5. Upon the facts found by the court, the defendant Pistorino is entitled to a verdict."

The rulings were refused. The judge found for the plaintiff in the sum of $7,868.75; and the defendant Pistorino alleged exceptions.

The case was submitted on briefs.

*J. T. Zottoli,* for the defendant Pistorino.

*J. B. Jacobs & P. W. Jacobs,* for the plaintiff.

BRALEY, J. The indorsement of the note in the firm name by one member without the knowledge of his partner does not on the record relieve the defendant from liability. The plaintiff having given value and acquired title before maturity without knowledge of the circumstances under which the indorsement was made ordinarily would be a holder in due course. G. L. c. 107, § 75. *Merchants National Bank* v. *Marden, Orth & Hastings Co.* 234 Mass. 161, 168. But the defendant contends that under the order of the indorsements appearing on the note it is manifest that the note did not pass from the possession of the payee until negotiated by the payee to the plaintiff, and therefore the indorsement was for the accommodation of the payee, of which the plaintiff had notice. The judge however has found that the indorsement was for the accommodation of the maker, and this finding is conclusive. *Goodman* v. *Gaull,* 244 Mass. 528. The cases of *National Bank of the Commonwealth* v. *Law,* 127 Mass. 72, *Harrington* v. *Baker,* 173 Mass. 488, 490, *J. G. Brill Co.* v. *Norton & Taunton Street Railway,* 189 Mass. 431, relied

on by the defendant, are clearly distinguishable. It also is plain that this contention is groundless when the indorsements are read in the order in which they appear on the note. As pointed out by the trial judge, " The mere fact that a note, before its maturity, comes in the usual course of business into the hands of the payee after having been once negotiated by him, does not destroy its negotiability, nor defeat the right of a *bona fide* holder to recover against all who are parties to the note at the time it is negotiated to him." *West Boston Savings Bank* v. *Thompson*, 124 Mass. 506, 515. The plaintiff moreover could strike out every indorsement not necessary to its title and allege that it was the holder under the blank indorsement of the firm. *Parker* v. *Roberts*, 243 Mass. 174. G. L. c. 107, § 71. The defendant's requests having been denied rightly the exceptions must be overruled.

*So ordered.*