## Case No. 4,584.

### Ex parte ESTABROOK.

### In re WOOD & LIGHT MACH. CO.

[2 Lowell, 547; 15 Alb. Law J. 271; 24 Pittsb. Leg. J. 152.] [1]

District Court, D. Massachusetts.    Feb. 1877.

G. F. Verry, for proving creditors, cited Monument Nat. Bank v. Globe Works, 101 Mass. 57.

T. L. Nelson, for assignee, cited Torrey v. Dustin Monument Ass'n, 5 Allen, 327;

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission. 15 Alb. Law J. 271, and 24 Pittsb. Leg. J. 152, contain only partial reports.]

Eastman v. Cooper, 15 Pick. 276; Shaw v. Spencer, 100 Mass. 382; Williams v. Cheney, 8 Gray, 206; Smith v. Livingston, 111 Mass. 342.

LOWELL, District Judge. It is admitted by both parties that the treasurer or manager of a trading corporation may, by the law of Massachusetts, bind the company to the payment of promissory notes made in pursuance of the business of the company; and that he has no such authority in respect to notes given for the accommodation of third persons. If, however, a note of the latter kind is held by an indorsee, who took it for value before it was due, and without notice, his title is good. Monument Nat. Bank v. Globe Works, 101 Mass. 57.

So much being granted, the decisions of the supreme court of the United States have established two rules which must govern this case.

1. The first is thus stated by Mr. Justice Clifford, for the court: "The repeated decisions of this court have established the rule, that, when a corporation has power under any circumstances to issue negotiable securities, the bona fide holder has a right to presume that they were issued under the circumstances which give the requisite authority, and that they are no more liable to be impeached for any infirmity in the hands of such a holder than any other negotiable paper." Lexington v. Butler, 14 Wall. [81 U. S.] 282, 296, citing Gelpecke v. Dubuque, 1 Wall. [68 U. S.] 203; Knox Co. v. Aspinwall, 21 How. [62 U. S.] 539; Supervisors v. Schenck, 5 Wall. [72 U. S.] 784; Bissell v. Jeffersonville, 24 How. [65 U. S.] 287.

2. It is argued, and there is some evidence tending to prove, that the fact that a note is offered for sale or discount by the promisor has a tendency to excite the suspicion that it is indorsed for his accommodation, and to put the buyer on inquiry. Granting that this is true, and, for the purposes of this case, that the conversations testified to do not prove a sufficient inquiry to satisfy an inquisitive mind, yet here, again, the decisions of the highest court are, that a failure to inquire, or negligence of any degree, will not invalidate the title of the holder, unless they convict him of actual knowledge, or of a wilful negligence amounting to fraud. Goodman v. Simonds, 20 How. [61 U. S.] 343; Murray v. Lardner, 2 Wall. [69 U. S.] 110; Michigan Bank v. Eldred, 9 Wall. [76 U. S.] 544; Hotchkiss v. National Banks, 21 Wall. [88 U. S.] 354.

These authorities are decisive, unless I should be satisfied of knowledge or fraud in fact, which I am not, and which was not seriously imputed to these creditors in argument.

Debt admitted to proof.