AMELIA H. COSTELO *vs.* HORACE S. CROWELL, administrator.

Suffolk.   March 17.— Aug. 19, 1879.   MORTON & ENDICOTT, JJ., absent.

A promissory note, on the margin of which are written the words, "Given as collateral security with agreement," is not negotiable, and an action cannot be maintained thereon by an indorsee.

CONTRACT on a promissory note for $3000, dated July 31, 1868, signed by Thomas Corey, the defendant's intestate, payable in five years after date to the order of John F. Costelo, and by him indorsed in blank. On the margin of the face of the note were these words: " Given as collateral security with agreement." Writ dated August 10, 1877.

At the trial in the Superior Court, before *Allen,* J., the defendant asked the judge to rule that the note was not negotiable, and that an action could not be maintained thereon by an indorsee. The judge declined so to rule, and directed a verdict for the plaintiff. The defendant alleged exceptions.

*J. G. Abbott & E. F. Johnson,* for the defendant.

*H. E. Swasey,* for the plaintiff.

LORD, J.   Whether, by the general law merchant, the note in suit would be deemed a negotiable note is a question upon which the authorities are by no means uniform. See *Brill* v. *Crick,* 1 M. & W. 232; *Jury* v. *Barker,* E. B. & E. 459; *Williams* v. *Waring,* 10 B. & C. 2; *Haussoullier* v. *Hartsinck,* 7 T. R. 733; *Wise* v. *Charlton,* 4 A. & E. 786; *Fancourt* v. *Thorne,* 9 Q. B. 312;

*Treat* v. *Cooper*, 22 Maine, 203; *Arnold* v. *Rock River Valley Railroad*, 5 Duer, 207; *Sanders* v. *Bacon*, 8 Johns. 485; *Cummings* v. *Gassett*, 19 Vt. 308.

In this Commonwealth, however, it is settled by an uninterrupted series of decisions, that any language, put upon any portion of the face or back of a promissory note, which has relation to the subject-matter of the note, by the maker of it before delivery, is a part of the contract; and that if by such language payment of the amount is not necessarily to be made at all events, and of the full sum in lawful money, and at a time certain to arrive, and subject to no contingency, the note is not negotiable. *Jones* v. *Fales*, 4 Mass. 245. *Springfield Bank* v. *Merrick*, 14 Mass. 322. *Heywood* v. *Perrin*, 10 Pick. 228. *Makepeace* v. *Harvard College*, 10 Pick. 298. *Wheelock* v. *Freeman*, 13 Pick. 165. *Barnard* v. *Cushing*, 4 Met. 230. *Cota* v. *Buck*, 7 Met. 588. *Osgood* v. *Pearsons*, 4 Gray, 455. *Palmer* v. *Ward*, 6 Gray, 340. *Hubbard* v. *Mosely*, 11 Gray, 170. *Haskell* v. *Lambert*, 16 Gray, 592. *Way* v. *Smith*, 111 Mass. 523. *Stults* v. *Silva*, 119 Mass. 137.

The words written upon the face of the note, " given as collateral security with agreement," being incorporated in and made part of the contract, indicate with clearness that there may be a contingency, to wit, the performance of the undertaking to which this is collateral, in which it would not be payable; and so it lacks that element of negotiability which requires that at all events a sum certain shall be payable at a time certain. As this is decisive of the case, it is unnecessary to consider any other question.          *Exceptions sustained.*