THOMAS S. SLOAN *vs.* DANIEL McCARTY.

Worcester. Oct. 6, 1882. — Feb. 5, 1883. C. ALLEN, COLBURN & HOLMES, JJ., absent.

An instrument, signed by the maker and witnessed by a third person, stating that the maker had received of S. a horse, for which he promised to pay S. or order a sum named in one month from date, " said horse to be and remain the entire and absolute property of the said S. until paid for in full by me," is not a promissory note, and an action upon it cannot be maintained which is brought more than six years after its date.

CONTRACT upon the following instrument, signed by the defendant, and witnessed: " $85.00. Rutland, April 5th, 1874. Received of T. S. Sloan, this day, roan horse known as A. M. Brown horse for which I promise to pay T. S. Sloan or order eighty-five dollars one month from date, at the Leicester ——, said horse to be and remain the entire and absolute property of the said Sloan until paid for in full by me." Writ dated July 15, 1881. The answer set up, among other defences, the statute of limitations. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, in substance as follows :

On April 5, 1874, the plaintiff delivered to the defendant a horse, for which the defendant agreed to pay the plaintiff the sum of $85, and executed and delivered to him the instrument declared on. At the maturity of the instrument, the defendant neglected to pay the same, and continued to keep possession of the horse until September 15, 1874, when the plaintiff demanded payment of the amount due on the instrument, which the defendant neglected and refused to make, but offered to return the horse to the plaintiff, who refused to receive it, for the reason that the horse had greatly depreciated in value, and was not then worth the amount due. The defendant requested the plaintiff to take the horse and sell it, and apply whatever he might receive therefor towards the payment of the amount due, and promised to pay the plaintiff the balance as soon as he could. The plaintiff agreed to do this, and the defendant delivered the horse to him, and, on September 26, 1874, the plaintiff sold it for the sum of twenty dollars, and indorsed that

amount upon the instrument; and this action was brought to recover the balance due thereon.

If, upon these facts, the plaintiff was entitled to recover, judgment was to be entered for him for the amount claimed; otherwise, for the defendant.

*F. T. Blackmer & M. H. Cowden*, for the plaintiff.

*B. W. Potter*, for the defendant.

FIELD, J. The contract declared on contains a promise to pay to the plaintiff or order a certain sum of money in one month from date for a horse received of the plaintiff; if this were all, it would be a promissory note, as the recital of the consideration does not affect the character of the contract. But the contract also contains an agreement that the horse shall remain the property of the plaintiff until paid for in full by the defendant. This is not an agreement relating to the manner in which the promise to pay money may be enforced, but is a substantive agreement. The whole contract describes a conditional sale of a horse. If the money were not paid by the defendant at the time specified, the plaintiff could, if he chose, rescind the conditional sale, and the defendant then would have no right to the horse, and would no longer be liable to pay the note. If the plaintiff should insist upon the performance of his promise by the defendant, the obligation of the defendant to pay the money is in legal effect conditional upon the title to the horse vesting in him when the money is paid in full, and this condition appears on the face of the contract.

The contract contemplates that the payment of the money by the defendant and the transfer of the title to the horse from the plaintiff should be simultaneous acts; and if the horse should die, for example, within the month, without fault on the part of the defendant, the plaintiff would be disabled from transferring the title, and could not maintain an action on the contract. *Swallow* v. *Emery*, 111 Mass. 355. The contract is something more than a promise to pay money, and the promise to pay money is not a promise to pay it absolutely and at all events; and therefore the contract is not a promissory note within the meaning of the Gen. Sts. *c.* 155, § 4, on which, if signed in the presence of an attesting witness, an action could be brought, under § 7, at any time within twenty years after the cause of

action accrued. *Hartley* v. *Wilkinson*, 4 Camp. 127. *Cook* v. *Satterlee*, 6 Cow. 108.

As the action was not brought within six years after the cause of action accrued, the entry must be,

*Judgment for the defendant.*