AMERICAN NATIONAL BANK *vs.* A. & W. SPRAGUE.

A promissory note bore upon its face a statement that it was issued as collateral to the makers' draft accepted by a third party.  In an action against the indorsers of this note in their character of indorsers:

*Held,* that the undertaking of the makers was a contingent one; that the amount due on the note at its maturity was uncertain; that the note was not negotiable; and that the indorsers, as indorsers, were not liable.

DEFENDANTS' petition for a new trial.

*March* 1, 1884.  TILLINGHAST, J.  This is an action by the indorsee against the indorsers only, of the notes declared on.  In this case there was proof of demand and notice with protest, in the usual form.

The grounds relied upon by the defendants in their petition for a new trial in this case are : *first,* that the notes are not negotiable ; *second,* that they were collateral security for certain drafts specified in the notes, and possible payments on the principal made the amount due by the notes uncertain, and destroyed their negotiability ; *third,* that the court erred in excluding evidence of the rate of discount by the plaintiff, *i. e.* of usury, and evidence of the law of New York, the paper being invalid under that law; and, *fourth,* that it being essential to the validity of the notes that Chafee had authority to issue them, it was error to exclude the trust mortgage offered in evidence by the defendants, to prove the limits of his authority.

The case which the plaintiff makes upon the record, and upon

which the proceedings thus far have been had, is that of an indorsee against indorsers only. The notes sued on are in the following form, which is a copy of one of said notes:

F. No. 1319.      $5,000.

PROVIDENCE, *November 1st,* 1873.

Three years from January 1st, 1874, for value received, the A. & W. Sprague Manufacturing Company promise to pay to the order of A. & W. Sprague Five Thousand Dollars, with interest from January 1st, 1874, payable semiannually at the rate of seven and three tenths *per cent. per annum,* till said principal sum is paid, whether at or after maturity; and all instalments of interest in arrear shall bear interest at the rate aforesaid till paid, but reserving the right to pay this note before maturity in instalments of not less than five (5) *per cent.* of the principal thereof, at any time the semiannual interest becomes payable. Principal and interest payable at their place of business in said Providence.

AMASA SPRAGUE,

Treasurer.

Countersigned,

     Z. CHAFEE, Trustee.

Issued as collateral to A. & W. Sprague M'f'g Co.'s draft accepted by Hoyt, Spragues & Co., No. 6806.

Indorsed,

     A. & W. SPRAGUE.

*(margin: Secured by Mortgages.)*

It will at once be seen that these notes differ very materially from those declared on in the former case, and also that under the rule therein adopted they are clearly not negotiable. They were issued as collateral to certain drafts therein specifically designated, and obviously are not payable at all events; it being evident that the payment of the drafts would at once discharge both the makers and indorsers of the notes and render said notes null and void. So also a partial payment on the drafts would at once reduce the amount collectible on the notes *pro tanto.*

The undertaking of the defendants, therefore, was at most a contingent one, and the sum which might become due at the expiration of the notes was uncertain.

We have patiently examined all of the cases cited by the counsel for the plaintiff in support of the negotiability of notes like these, together with numerous others bearing upon the same question, but we are unable to find any support in fact resulting therefrom. On the other hand, the current of authorities, both English and American, is strongly against the position taken. The cases of *Costello* v. *Crowell*, 127 Mass. 293, and *Haskell* v. *Lambert*, 16 Gray, 592, cited by the defendants' counsel, state the law correctly. The theory, therefore, upon which the plaintiff has thus far proceeded is erroneous and cannot be sustained.

Whether the defendants are liable as guarantors, joint makers, or otherwise, we are not now called upon to decide. We only decide that, the notes being not negotiable, the defendants are not liable as indorsers.

Without considering the other points raised by the petition, we must, therefore, grant a new trial.

*Petition granted.*

*Thomas A. Jenckes*, for plaintiff.
*Roger A. Pryor & Andrew B. Patton*, for defendant.

NOTE — This case and the preceding one were heard together by STINESS, TILLINGHAST, and CARPENTER, JJ.