### ARGUED AND DETERMINED

###### IN THE

# SUPREME JUDICIAL COURT

###### OF

# MASSACHUSETTS.

---

JAMES M. USHER & another *vs.* RAYMOND SKATE COMPANY.

Suffolk.    November 16, 1894. — January 4, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Promissory Note — Accommodation Indorsement — Corporation — Mortgage of Personal Property.*

A person, who acts upon an incorrect statement by a stranger of the effect of a deed capable of two meanings, is not thereby, without more, in the position of having acted in good faith upon a possible interpretation after reading the instrument.

A mortgage of personal property given to a corporation contained the condition that, if the mortgagor should save the mortgagee harmless "on account of any and all indorsements upon my notes and acceptances, and shall also pay all and any sums of money advanced to me by said company or paid by it on my account, and all sums I may be indebted to it for goods purchased by me of it, within one year from this date," the mortgage should be void. *Held,* that the words "within one year from this date" should not be confined to the words "goods purchased by me of it," immediately preceding, but should be read as applying to all the transactions mentioned.

The fact that a corporation has taken a mortgage of personal property to secure it for its indorsements of the mortgagor's promissory notes within a year from the date of the mortgage, is no evidence of authority on the part of its treasurer, after the year has expired, to indorse in the name of the corporation an accommodation note made by the mortgagor, for the indorsement of which the corporation is not secured.

CONTRACT, upon a promissory note for $266.30, dated July 5, 1891, payable four months after date to the order of the plaintiffs, signed " Geo. J. Raymond & Co.," and indorsed " Raymond Skate Co., per J. M. Raymond, Treasurer." The declaration alleged that the note was made by " Hattie D. Raymond, then doing business under the firm name and style of George J. Raymond & Co." Answer: 1. A general denial. 2. That the note was given without consideration and without the authority or knowledge of the defendant, solely for the accommodation of George J. Raymond and Company; and that the plaintiffs knew these facts at the time the note was made.

Trial in the Superior Court, before *Blodgett*, J., who reported the case for the determination of this court, in substance as follows.

The genuineness of the signature to the note, and the fact that J. M. Raymond was treasurer of the defendant, were admitted. It appeared in evidence that the defendant had due notice of the non-payment of the note by the maker; that the consideration of the note was goods sold by the plaintiffs to Hattie D. Raymond, who was then doing business under the firm name of George J. Raymond and Company; and that the note was given by Hattie D. Raymond with the indorsement of the defendant thereon to the plaintiffs in payment for said goods. One of the plaintiffs testified that they were informed, at the time they received the note, by George J. Raymond, the husband and agent of Hattie D. Raymond, and who was managing the business of the firm of George J. Raymond and Company, that the defendant held a mortgage from Hattie D. Raymond to secure it for its indorsements; and it was contended by the plaintiffs at the trial that they accepted the note in payment for the goods sold to George J. Raymond and Company upon the above statement of George J. Raymond. It also appeared that they had learned that such was the fact at a mercantile agency.

George J. Raymond, called as a witness by the defendant, testified that he did not inform the plaintiffs that the defendant held security for the indorsement from Hattie D. Raymond; that the indorsement of the defendant was made at the request

of the plaintiffs, to enable them to get the note discounted; and that they could not get the note discounted without an additional name upon it. The plaintiffs denied this testimony. On cross-examination, the witness testified that Hattie D. Raymond had, prior to the indorsement upon the note in suit, given a mortgage to the defendant to secure it for its indorsement upon the paper of George J. Raymond and Company, and that the mortgage was discharged prior to the indorsement upon the note in suit. The plaintiffs then introduced in evidence a copy of a mortgage from Hattie D. Raymond, doing business under the name of George J. Raymond and Company, to the defendant; and also evidence that the mortgage had not been cancelled upon the records. The mortgage, which was dated January 17, 1890, was given by Hattie D. Raymond, doing business under the name of George J. Raymond and Company, to the defendant, and covered " all the goods and merchandise, stock and fixtures," in certain stores in Boston; and contained, among others, the condition that, if the mortgagor should save the mortgagee harmless " on account of any and all indorsements upon my notes and acceptances, and shall also pay all and any sums of money advanced to me by said company or paid by it on my account, and all sums I may be indebted to it for goods purchased by me of it, within one year from this date," the mortgage should be void.

It appeared in evidence that the defendant was a manufacturing corporation, organized for the purpose of manufacturing and selling roller skates and other articles, and engaged in the manufacture and sale of the same; and that, by the by-laws of the defendant, its treasurer had no authority to make or indorse promissory notes, and no authority was shown from the directors of the corporation.

At the close of the evidence, the defendant asked the judge to rule that, upon all the evidence in the case, the plaintiffs were not entitled to maintain their action. The judge so ruled; and directed the jury to return a verdict for the defendant.

If, upon the foregoing testimony, there was any evidence on which the jury could have found for the plaintiffs, the verdict was to be set aside, and a new trial ordered; otherwise, judgment was to be entered for the defendant.

*H. P. Harriman & F. J. Daggett,* for the plaintiffs.

*R. Lund,* (*C. H. Welch* with him,) for the defendant.

HOLMES, J.   The plaintiffs took the note in suit with knowledge that the defendant's treasurer indorsed it for the accommodation of the maker, at least unless the statement alleged to have been made to them that the defendant held a mortgage from the maker to secure it was true.   Unless that statement was true, therefore, they had notice that in the absence of actual authority the defendant's treasurer had no right to indorse the note. See *Monument National Bank* v. *Globe Works,* 101 Mass. 57; *National Bank of Commonwealth* v. *Law,* 127 Mass. 72, 75; *Davis* v. *Old Colony Railroad,* 131 Mass. 258; *Bank of Genesee* v. *Patchin Bank,* 3 Kernan, 309, 314; *Ex parte Estabrook,* 2 Lowell, 547, 548.   The plaintiffs can stand no better than they would have stood had the mortgage been exhibited to them.   The husband of the maker was not an agent of the defendant, and his representation did not affect the defendant's liability except so far as it was true.   The fact of the mortgage coupled with the plaintiffs' knowledge of it, however obtained, was the only thing which concerned the defendant.   If the mortgage had been exhibited to the plaintiffs, they would have seen that it ran only for transactions within a year from its date, and that that time had expired.   It is true that a question might be made whether the words " within one year from this date " in the mortgage should be confined to the words " goods purchased by me of it," immediately preceding, but the good sense of the thing shows that the limitation should be read as general, and as applying to all the transactions mentioned.   There is no sufficient reason for leaving the mortgage indefinite in time as to indorsements, while it is limited to a year in respect of purchases. The plaintiffs are not in the position of having read the instrument, and of having acted *bona fide* upon the other interpretation.   *Crossan* v. *New York & New England Railroad,* 149 Mass. 196, 198, 199.   They took their chances on the statement of a stranger.

It follows that the plaintiffs are not helped by the statement alleged to have been made to them.   Assuming the corporation to have accepted the mortgage, such a transaction for a time that had passed was no evidence of subsequent authority on the

part of its treasurer to indorse accommodation paper for the indorsement of which the corporation was not secured, and it is not necessary to consider whether it would have been sufficient for a note indorsed within the time, or whether such an indorsement would have been within the powers of a corporation organized for the purpose of manufacturing and selling roller skates and other articles.     *Judgment for the defendant.*