SULLIVAN MOORE *vs.* ROBERT J. EDWARDS & another, executors.

Worcester.    September 28, 1896. — October 23, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Insolvent Estate of Deceased Person — Conditional Promise to pay not a Promissory Note — Statute of Limitations.*

A promise in writing, duly witnessed, to pay A. or order on a certain day a certain sum of money, " it being understood that said A. shall allow hereon as part payment hereof such sums of money and such accounts as I may have against him on said day, and until fully paid, and further that I shall not be called upon for the full payment hereof until I am released from all liability as surety for said A." and another on a certain recognizance named, and " deducting herefrom such sums as I may in any event be required to pay thereon," is not an unconditional promise to pay a definite sum, and is not, therefore, within the exception to the limitation of six years made by Pub. Sts. c. 197, § 6, in the case of " a promissory note signed in the presence of an attesting witness."

APPEAL from a decision of commissioners in insolvency, allowing a claim of Sullivan Moore, the appellee, against the estate of the appellant's testate. Hearing in this court, before *Barker*, J., who reserved the case for the determination of the full court, in substance as follows.

The case was heard on the appellee's statement of claim, filed November 4, 1889, in which the instrument in question was declared on as a promissory note, and the appellants' answer, which alleged among other things that the instrument was not a promissory note, but a conditional contract, and set up the statute of limitations. The instrument was as follows:

"$7250.                         Southbridge, Feby. 1st, 1872.

" On the first day of April, A. D. 1872, for value received I promise to pay Sullivan Moore, or order, the sum of Seven Thousand Two Hundred and Fifty Dollars and interest after said April first, 1872, it being understood that said Moore shall allow hereon as part payment hereof such sums of money and such accounts as I may have against him on said day, and until fully paid, and further that I shall not be called upon for the full payment hereof until I am released from all liability as surety for said Moore and Frank I. Baker on my recognizance taken before the First Dist. Ct. of Southern Worcester for their appearance at the Criminal Court, Superior Court, held at Worcester on the third Monday of January last, and deducting herefrom such sums as I may in any event be required to pay thereon. William Edwards. Witness, A. J. Bartholomew."

William Edwards died on June 16, 1886. The question reserved was whether the above instrument was a promissory note signed in the presence of an attesting witness, within the meaning of Pub. Sts. c. 197, § 6, or was a contract, within the meaning of Pub. Sts. c. 197, § 1, cl. 1.

*T. G. Kent & J. M. Cochran*, for the appellants.

*W. S. B. Hopkins & C. L. Gardner*, for the appellee.

HOLMES, J. The only question is whether the instrument before us is within the exception to the limitation of six years made by Pub. Sts. c. 197, § 6, in the case of " a promissory note signed in the presence of an attesting witness."

It is settled that notes not negotiable may be within the exception, and it has been intimated more than once that the

words quoted express the same meaning as St. 1786, c. 52, § 5. See Prov. St. 1770–71, c. 9, § 8 ; 5 Prov. Laws, (St. ed.) 111. *Sibley* v. *Phelps,* 6 Cush. 172. *Commonwealth Ins. Co.* v. *Whitney,* 1 Met. 21, 22. The language of the act of 1786 was, " any note in writing, made and signed by any person or persons, and attested by one or more witnesses, whereby such person or persons has promised, or shall promise, to pay to any other person or persons, any sum of money mentioned in such note."

In 1 Met. 22, Shaw, C. J. says : " We think, therefore, the term 'promissory note' in the Revised Statutes, expounded in reference to the provisions for which it was substituted, is not to be limited strictly to negotiable notes, but was intended to apply to any note in writing by which one promises to pay money to another. It is not a true test, therefore, to inquire whether the promise constitutes a negotiable note." But although a note need not be negotiable, the later decisions have assumed that it must be a promissory note in a technical sense. *Sibley* v. *Phelps,* 6 Cush. 172. *Sloan* v. *McCarty,* 134 Mass. 245. There are intelligible reasons for extending greater protection to an unconditional promise to pay an ascertained debt than to an undertaking to pay a sum which depends on future events in the country for its amount, or for becoming due at all. The words " promissory note " take up so much of the act of 1786 as in terms required a sum of money to be mentioned in the instrument and to be promised. We think that these requirements mean an unconditional promise to pay a definite sum. To this extent the tests of what is a promissory note within the statute, or within the English stamp acts, or for the purposes of pleading, and what is a negotiable promissory note, are the same. It follows that the claim must be rejected, as the instrument offered for proof is not a promissory note, and therefore was barred in six years. *Cushman* v. *Haynes,* 20 Pick. 132. *American Exchange Bank* v. *Blanchard,* 7 Allen, 333. *Costelo* v. *Crowell,* 127 Mass. 293. *Barlow* v. *Broadhurst,* 4 J. B. Moore, 471. *Robins* v. *May,* 11 Ad. & El. 213. *Cook* v. *Satterlee,* 6 Cowen, 108. *Seacord* v. *Burling,* 5 Denio, 444.

*Proof of claim expunged.*