ULYSSES S. G. CHERRY *vs.* CHARLES H. SPRAGUE.

Suffolk.    November 15, 1904. — November 29, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Bills and Notes.    Conflict of Laws.    Evidence,* Presumptions and burden of proof, Proof of foreign law.

An instrument containing an unconditional promise to pay a definite sum of money on a day certain is none the less a promissory note because it also contains a provision that unpaid interest shall bear interest at twelve per cent and that if an action is brought the customary attorney's fee shall be added to the amount of the judgment and taxed as part of the costs in the case.

A promissory note payable in another State and sent by mail to the payee in that State is governed by the law of the State in which it is received and is payable.

In the absence of evidence as to the law of another State, the common law of such

State is presumed to be the same as that of this Commonwealth, and as to the statutory law there is no presumption.

By the common law of this Commonwealth, apart from statutory provisions, a third person placing his name on the back of a promissory note before delivery to the payee is liable as a joint promisor without demand on the maker or notice of non-payment, and it need not be proved that he received a consideration for putting his name on the note.

CONTRACT, on a promissory note set out in the first paragraph of the opinion, indorsed by the defendant before delivery. Writ in the Municipal Court of the City of Boston dated November 3, 1898.

The defendant demurred and answered. On appeal to the Superior Court the demurrer was overruled, and the defendant appealed. The case then was tried before *Bell*, J.

The plaintiff put in evidence the alleged note and a notary's certificate of protest, from which it appeared that the notary made demand and protested the note on August 19, 1895, and on the same day mailed a notice of protest to the defendant, addressed to the defendant at Boston, Massachusetts, without designating any street or number. It was agreed, that all the signatures upon the instrument were placed thereon in Massachusetts, and that it then was mailed in Massachusetts to the plaintiff in South Dakota; that at the time this was done the plaintiff held a promissory note signed by Odin Fritz, the maker of the note, for a greater amount, and that the instrument in question was signed and mailed to the plaintiff, in accordance with an agreement which had been made by the plaintiff, Fritz and the defendant, in renewal of the larger note, on which a cash payment had been made by Fritz which reduced the original note to the amount of the note in suit. The plaintiff then rested and no other evidence was introduced.

It then was agreed, that, if on the evidence the plaintiff was entitled to a verdict, the judge should direct a verdict for the plaintiff in the sum of $300; otherwise, that the judge should direct a verdict for the defendant.

The defendant then asked the court to rule as follows:

1. The instrument declared on is not a promissory note.

2. If, in accordance with an agreement with the plaintiff, the instrument in question was signed by Odin Fritz in Massachusetts, and was mailed in Massachusetts to the plaintiff by the

defendant, the validity of the instrument is to be determined by Massachusetts laws.

3. If the indorsement of the defendant was placed upon the instrument in Massachusetts, the question whether the defendant is liable thereon is to be determined by Massachusetts laws.

4. If the indorsement of the defendant was placed upon the instrument in Massachusetts, the defendant is not liable thereon.

5. If, at the time the defendant placed his name upon the back of the instrument in question, Fritz was indebted to the plaintiff for the amount stated in the face of the instrument, for which amount the plaintiff held the note of Fritz, it must appear affirmatively that there was a consideration for the defendant so placing his name upon the instrument; otherwise, the verdict must be for the defendant.

6. There is no evidence of due presentment.

7. There is no evidence of due notice of non-payment to the defendant.

8. The instrument became due August 16, 1895.

The judge gave the instructions numbered 6, 7 and 8 and refused to give the others, and further ruled as follows:

1. The instrument in suit was payable in South Dakota and was therefore governed by the laws of that State.

2. Unless proof is offered to the contrary, the law of South Dakota is presumed to be the same as the common law of this Commonwealth, but there is no presumption that the statute law of the two States agrees.

3. Under the common law of this State the defendants were joint makers of the note and not entitled to have a demand made on the maker and notice of non-payment given to them.

4. If a demand and notice were necessary it was not seasonably made, as the law merchant requires a demand on Saturday when a note falls due on Sunday.

5. There is no evidence that the law of South Dakota is different.

The judge, in accordance with the agreement above stated, ordered a verdict for the plaintiff in the sum of $300. The defendant alleged exceptions.

*C. H. Sprague*, pro se.

*A. H. Read, W. J. Gaffney & C. A. Mendall*, for the plaintiff.

BARKER, J.  The instrument declared on as a promissory note is of the following tenor :

" $218.00.          .          Sioux Falls S. D. April 15, 1895.

" Four months after date for value received I promise to pay to the order of U. S. G. Cherry, Two Hundred and Eighteen Dollars, with interest at six per cent per annum, at the Union National Bank, Sioux Falls, South Dakota.

" Unpaid interest shall bear interest at twelve per cent, and if suit is commenced the customary attorney's fees shall be added to the amount of the judgment and taxed up as part of the costs in the cause.

" Due Aug. 15, '95.

  No. 3682                              . Odin Fritz."

    Indorsements :   " Charles H. Sprague.
                       C. Everett Washburn.   ·
                       U. S. G. Cherry."

The instrument contains an unconditional promise to pay at a day certain the definite sum of $218 with interest at six per cent per annum from August 15, 1895, to the order of the plaintiff.  If this were all it would of course be a promissory note.  But the additional stipulations do not change the promise into a conditional one in any respect, and they relate solely to the manner in which the unconditional promise to pay the definite sum may be enforced, if broken.  This distinguishes the case from *Haskell* v. *Lambert,* 16 Gray, 592, *Costelo* v. *Crowell,* 127 Mass. 293, *Sloan* v. *McCarty,* 134 Mass. 245, and *Moore* v. *Edwards,* 167 Mass. 74.  In each of those cases the added stipulations made the contract conditional, or the promise one to pay an indefinite amount, or not to pay the sum named absolutely and at all events.  It is settled that the incorporation into an instrument which contains an unconditional promise to pay a definite sum of money of additional stipulations does not of itself necessarily deprive the instrument of the character of a promissory note.  A recital that an additional rate of interest will be paid after maturity and that the maker has deposited certain collateral, and a statement of the terms upon which the collateral has been deposited, and on which it may be sold upon non-payment of the note does not have that effect.  *Towne* v. *Rice,* 122 Mass. 67, 73, 75, and cases cited.  The test is that in-

timated by Mr. Justice Field in *Sloan* v. *McCarty, ubi supra.* If the additional stipulation relates to the manner in which the unconditional promise to pay a definite sum may be enforced, and does not change the promise from one to pay that sum absolutely and at all events, or change the general nature of the whole contract, the instrument is a promissory note notwithstanding the additional stipulations, relating to the manner of enforcement of the promise, if it shall be broken.

In the present instance, as the action is brought by the original promisee it is of no importance whether the instrument is negotiable or non-negotiable, and we do not consider or decide that question.

As the instrument was a promissory note and as it was payable in South Dakota and was sent to the payee by mail and received by him in that State it was a South Dakota and not a Massachusetts contract. *Nashua Savings Bank* v. *Sayles,* 184 Mass. 520, 522, and cases cited. *Callender, McAuslan & Troup Co.* v. *Flint, ante,* 104.

It is contended upon the plaintiff's brief that by the law of South Dakota the stipulation as to an attorney's fee was void, and the instrument a negotiable promissory note; and further that under the statute of that State, the eighteenth day of August, 1895, being a Sunday, the note matured on August 19, 1895, the day on which it was protested for non-payment. The brief cites in support of these contentions the cases of *Chandler* v. *Kennedy,* 8 So. Dak. 56, and *National Bank of Commerce* v. *Feeney,* 9 So. Dak. 550, and the Revised Civil Code of South Dakota, 1903, § 2236. But the bill of exceptions upon which the case is here contains no statement of these citations nor of any evidence of the law of South Dakota, and it is apparent that the decision of the judge was made without taking into consideration the cases and the statute mentioned, and that we cannot consider them.

No proof as to the law of South Dakota having been offered the judge was right in ruling that the common law of that State is to be presumed to be the same as that of this Commonwealth and that there is no presumption that the statutory law of the two States is the same. *Kelley* v. *Kelley,* 161 Mass. 111. *Olds* v. *City Trust, Safe Deposit & Surety Co.* 185 Mass. 500.

Therefore we are to determine whether the rulings of the court

below should be set aside as contrary to the common law of this State. Examining them with this view we are of opinion that the defendant has no just ground of exception.

His requests that there was no evidence of due presentment, or of due notice to the defendant of non-payment, and that the instrument became due on August 16, 1895, were given, and he has no exception on those points. His contentions that the validity of the instrument and the question whether he is liable thereon are to be determined by Massachusetts statutes are disposed of by the doctrine of *Nashua Savings Bank* v. *Sayles, ubi supra.* His other requests and his exception to their refusal and to the ruling that under the common law of this State the defendant was a joint maker of the note and not entitled to demand and notice of non-payment are disposed of by our decisions which show that by the law of this State aside from statutory enactments a third person placing his name on the back of a promissory note before delivery to the payee is an original promisor or maker, not entitled to have demand or notice of non-payment and that as to him no consideration need be proved. *Sumner* v. *Gay,* 4 Pick. 311. *Woods* v. *Woods,* 127 Mass. 141. *Spaulding* v. *Putnam,* 128 Mass. 363.

The same considerations which require the overruling of the exceptions dispose of the questions raised by the demurrer.

*Exceptions overruled; order overruling demurrer affirmed.*