PIERCE, BUTLER AND PIERCE MANUFACTURING CORPORATION
*vs.* DANIEL RUSSELL BOILER WORKS, INCORPORATED,
& another.

SAME *vs.* SAME.

SAME *vs.* SAME.

SAME *vs.* SAME.

Suffolk.    January 19, 1927. — January 7, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Bills and Notes,* Trade acceptance, Indorser, What constitutes negotiable instrument, Nonnegotiable instrument. *Corporation,* Ultra vires. *Notice.*

While a "trade acceptance" is to be considered as a bill of exchange under G. L. c. 107, § 149, liability as between a holder and one indorsing after the payee is governed by the same rules as if it were a promissory note.

A trade acceptance containing a provision that "The obligations of the acceptor hereof arises out of the purchase of goods from the drawer and such goods remain the property of said drawer, until this acceptance is paid," is not a negotiable instrument.

One receiving a trade acceptance which contains such a provision, is payable to the order of the drawer, is indorsed by the drawer and, under that indorsement, by a corporation, receives it with notice that the indorsement by the corporation was for accommodation only.

An indorsement of a trade acceptance by a trading corporation for accommodation only is *ultra vires;* and, where by reason of provisions on its face, the trade acceptance is nonnegotiable, and the corporation's indorsement is under that of the payee, a holder takes it subject to the invalidity of the corporation's indorsement and cannot maintain an action upon it against the corporation.

FOUR ACTIONS OF CONTRACT, with declarations, as amended, described in the opinion. Writs in the Municipal Court of the City of Boston in the first two actions dated August 2 and in the second two dated August 22, 1922.

Material facts found and rulings made at the trial of the actions together in the Municipal Court are stated in the opinion. The judge found for the defendant and reported the action to the Appellate Division. The report was ordered dismissed. The plaintiff appealed.

*J. L. Hurley*, (*A. E. Lamb* with him,) for the plaintiff.

*A. S. Allen*, for the defendant.

BRALEY, J. These four actions of contract, which were tried together, are brought to recover the amount of certain "trade acceptances" identical in form except as to dates, the amount, the time of payment, and the drawee. The declaration in each case consisted of three counts upon a separate trade acceptance, and, the plaintiff having waived the first count in one of the actions, the trial proceeded upon the remaining eleven counts. The answers were a general denial with averments of payment, and that the indorsements were *ultra vires* as to the defendant corporation, as well as the want of authority of its treasurer to make the indorsements. A copy of one of the acceptances as shown by the record, which is typical of all of them, is in these words.

"TRADE ACCEPTANCE

Boston, Mass., Mar. 24, 1922   $525.00

Sixty Days after date Pay to the Order of Ourselves Five hundred twenty-five................00/100 Dollars As per invoice of Your Account                With Exchange
and interest

The obligations of the acceptor hereof arises out of the purchase of goods from the drawer and such goods remain the property of said drawer, until this acceptance is paid.

Value received and charge the same to the account of

COMMONWEALTH PIPE & SUPPLY Co. INC.

By: Earle L. Wheeler, Asst. Treas.

To Economy Plb. & Htg. Co.,

72 Middle St., Lowell, Mass.

Accepted Mar. 24, 1922, Payable at Lowell Trust Co. Lowell, Mass.

ECONOMY PLUMBING & HEATING Co., N. P. Nelson, Treas."

It appears that each acceptance was signed by authority of the "Commonwealth Pipe & Supply Company," as drawer, and was made payable to the order of "Ourselves." It was conceded that each instrument had been accepted by the drawee prior to its delivery by the drawer, who was also the payee, to the plaintiff. The indorsements were in the following order: "Commonwealth Pipe & Supply Company by Earle L. Wheeler, Asst. Treas. Daniel Russell Boiler Works, By: Daniel Russell, Treas. Manton A. Wood." We shall hereinafter refer to the "Commonwealth Pipe & Supply Company" as the drawer, and to the defendant, the Daniel Russell Boiler Works, Incorporated, as the indorser.

While the "trade acceptances" are to be considered as bills of exchange under G. L. c. 107, § 149, *Jones* v. *Revere Preserving Co.* 247 Mass. 225, 227, the question of liability between the indorser and the plaintiff is governed by the same rules as if the acceptances or bills of exchange were promissory notes. *Grant* v. *Wood*, 12 Gray, 220.

It is provided in each acceptance that "The obligations of the acceptor hereof arises out of the purchase of goods from the drawer and such goods remain the property of said drawer, until this acceptance is paid"; and each instrument shows upon its face that the acceptances were given in payment for goods bought under a contract of sale wherein the drawer was the conditional vendor and the acceptor, the Economy Plumbing & Heating Co., was the conditional vendee. It is settled by *Sloan* v. *McCarty*, 134 Mass. 245, that at common law the acceptances were "something more than a promise to pay money, and the promise to pay money is not a promise to pay it absolutely and at all events." The words of the acceptances as quoted incorporated the contingency that title to the goods was to remain in the drawer until the acceptances were paid. The time fixed for payment consequently might be shortened or prolonged beyond sixty days from the date of the acceptance, when it matured and became payable. The time of payment was indefinite and uncertain. *Haskell* v. *Lambert*, 16 Gray, 592. *Costello* v. *Crowell*, 127 Mass. 293. *Sloan* v. *McCarty, supra. Moore* v. *Edwards*, 167 Mass. 74. *Cherry*

v. *Sprague,* 187 Mass. 113, 116. *National Bank of Newbury* v. *Wentworth,* 218 Mass. 30, 32. *Goodfellow* v. *Farnham,* 236 Mass. 453, 454. *Nunez* v. *Dautel,* 19 Wall. 560. The acceptances accordingly were not negotiable instruments at common law.

The plaintiff, however, presses the argument that "G. L. c. 107, §§ 25–46 inclusive," has changed the common law, and this defence has been abrogated. But a full review of these sections and their application in connection with the present record is unnecessary. In *Central National Bank* v. *Hubbel,* 258 Mass. 124, the note in suit contained a statement, that it was "one of a series . . . given . . . as per contract for certain apparatus, it is hereby agreed that the ownership and title of said apparatus remain in . . . [payee] until this note is fully paid . . . ." It was held that, "The negotiable instrument law affords no ground for reaching any different conclusion from that reached before it was enacted." And the cases in other jurisdictions in accordance with this result are there collected. If in that case the note was nonnegotiable under the act, because G. L. c. 107, § 23, among other provisions requires, that to be negotiable, a note or bill "Must be payable on demand, or at a fixed or determinable future time," the acceptances in the cases at bar also come within the rule. The plaintiff therefore took them subject to all the equities, *Haskell* v. *Lambert, supra,* page 593, *Stults* v. *Silva,* 119 Mass. 137, 139, and, the acceptances having been delivered to the plaintiff by the drawer with the defendant's indorsement below that of the drawer and payee, the plaintiff had notice that the defendant indorsed only for accommodation. *J. G. Brill Co.* v. *Norton & Taunton Street Railway,* 189 Mass. 431, 438.

The case of *State Finance Corp.* v. *Pistorino,* 245 Mass. 402, where the trial court found as a fact that the indorsement of the defendant was for the accommodation of the maker and not for the accommodation of the payee, is distinguishable. In the present cases, the trial judge states, "I do not find that the plaintiff did or did not have knowledge . . . , that the defendant's indorsements were for accommodation," and it is settled that the drawer could

not have maintained an action against the defendant. *Goodman* v. *Gaull,* 244 Mass. 528, 530.

The defendant furthermore is a trading corporation, and the judge found that the indorsements of the defendant were without consideration, and "were for the accommodation and at the request of the Commonwealth Pipe & Supply Company, and that defendant's treasurer had no express authority to indorse accommodation paper for the corporation."

It also was uncontroverted that the negotiations which resulted in the procurement and delivery of the acceptances in the form in which they appear with the indorsements, were conducted by counsel acting in the plaintiff's behalf in a suit brought by it against the drawer. It appears in his evidence, that when he received the instruments in settlement of the plaintiff's claim, he knew "that it is *ultra vires* for a corporation to indorse negotiable paper for accommodation, that when he received the instruments, he did not believe that the Daniel Russell Boiler Works had implied authority to indorse for accommodation; that the matter of accommodation did not enter his mind." It was decided in *Asher* v. *Raymond Skate Corp.* 163 Mass. 1, that the treasurer of a trading or manufacturing corporation in the absence of actual authorization, had no authority to indorse accommodation paper in behalf of the corporation, and "A corporation is not liable on an accommodation indorsement in the hands of one who takes with knowledge of that fact." The "corporation would not be liable on it even if it had been authorized by all the directors and the majority of the stockholders." *J. G. Brill Co.* v. *Norton & Taunton Street Railway, supra,* page 437. The decision in *Merchants' National Bank* v. *Citizens' Gas Light Co.* 159 Mass. 505, relied on by the plaintiff did not determine that accommodation paper binding on the corporation could be issued by the treasurer under his general powers as there defined.

The plaintiff under the order of the indorsements, as we have said, took with notice of the character of the defendant's indorsement.

The plaintiff proffered twenty-nine requests for rulings,

which in so far as given were sufficiently favorable to its contentions. But, for reasons already stated, the twenty-fifth request "That upon all the evidence the plaintiff is entitled to a finding," was rightly denied, and the general finding for the defendant on all the counts in each declaration must stand.

The defendant filed in the trial court after the plaintiff had appealed to this court, a motion to dismiss the appeal because it was not seasonably prosecuted, and, the motion having been denied, the defendant appealed. This appeal, however, has not been argued, and we treat it as waived. It follows in each case that the order of the Appellate Division dismissing the report is

*Affirmed.*