IN RE ESTATE OF E. M. YOUNG.

C. E. YOUNG, Appellee, v. JOSEPHINE YOUNG, Executrix, Appellant.

No. 39642.

JUNE 24, 1929.

REHEARING DENIED OCTOBER 19, 1929.

*Trewin, Simmons & Trewin* and *Nichols, Nichols & Milroy,* for appellant.

*Grimm, Wheeler, Elliott & Shuttleworth,* for appellee.

ALBERT, C. J.—C. E. Young, claimant herein, was the brother of E. M. Young, deceased, who died testate on the 8th day of June, 1926, a resident of the state of Minnesota. His will was admitted to probate in Wadena County, Minnesota, on July 22, 1926, and Josephine Young, his surviving spouse, was appointed executrix. Letters testamentary were issued to her on August 6, 1926. Claimant herein filed in said probate court in Minnesota the two notes which are the basis of the claim in the present case. These notes, which bore date of January 1, 1918, were payable to C. E. Young at Shellsburg, Iowa, the date line also specifying Polo, Iowa.

The executrix advised the claimant, on various occasions after her appointment, that these notes would be paid; but when the matter came before the probate court in the state of Minnesota, objections were made thereto, and the claim was disallowed, primarily on the ground that the statute of limitations had run against the claim, and it was therefore barred.

On October 22, 1926, the will of E. M. Young was admitted to probate in Benton County, Iowa, on a transcript of the proceedings from the Minnesota probate court, and Josephine Young was appointed executrix, qualified, and published her first notice on November 23, 1926. In June following, C. E. Young filed a claim in the Iowa probate court, based on these same promissory notes which had been filed in Minnesota. The executrix filed answer, denying the due execution of said notes, pleaded want of consideration, and also pleaded the proceedings heretofore referred to in Minnesota on the same notes, as a prior adjudication, pleaded the statute of limitations of the state of Minnesota, and further pleaded that the claim was barred under the statutes of Iowa.

Numerous amendments were made by all parties to their pleadings originally filed, to which we need give no further attention, by reason of the fact that the parties in their arguments concede that there is but one controlling question in the case, and that is, whether these promissory notes were Minnesota contracts or Iowa contracts; or, stated in another way, counsel agree

that, if the contracts were Minnesota contracts, then this claim should not be allowed in the Iowa court, or conversely, if these notes were Iowa contracts, then the action of the district court in allowing the claim was proper.

By the evidence on this question it is shown that, sometime in 1911, C. E. Young loaned to his brother, E. M. Young, deceased, certain money, which is the consideration for the notes that are the basis of the present claim. C. E. Young, who was a resident of Iowa, wrote to his brother, E. M., a resident of Minnesota, inclosing the notes in controversy herein, asking him to sign them and ''send them to me.'' E. M. Young signed the notes, and returned them by mail to C. E. sometime after the date of the notes; but the date of their return is very indefinite in the record. Specifically, C. E. Young testified:

''I wrote him [E. M. Young]. I just put them in an envelope and sent them to him, and he returned them. In substance, I asked him to sign these notes and send them back to me. The Shellsburg Savings Bank drew these notes and figured the interest. I sent them to Ed to sign, and he signed and returned them. I think he returned them in an envelope by mail.''

The question, then, narrows itself to this: If a resident of Iowa sends promissory notes to a resident of Minnesota for signature, without any direction as to the manner or means of return of the same, and, after signing, the Minnesota resident returns them by mail to the original party in Iowa, is this an Iowa contract or a Minnesota contract?

The turning point in the decision of this question is whether or not there was a delivery of the notes in Minnesota, where they were mailed, or was the delivery in Iowa, where they were received by the payee? The importance of this question lies in the fact that, if they were Minnesota contracts, under the statute of limitations in Minnesota,—which is for six years,—the notes would be uncollectible; or, as expressed by the Minnesota probate court, they would be ''outlawed.'' If, on the other hand, they were Iowa contracts, they would be controlled by the Iowa statute of limitations, which is ten years; hence they would not be barred.

An investigation of this question, which has never been decided in Iowa, shows some conflict of authority in our sister

states. What is a good delivery under such circumstances is well stated in 8 Corpus Juris 204, Section 335, where it is said:

"Thus delivery may be made by mail, in which case, if so delivered at the request of the payee, the delivery is complete when the instrument is placed in the mail, although never received * * *. On the other hand, if not so sent at the request of the payee, it seems that the instrument is not delivered until received [citing *Garthwaite v. Bank of Tulare*, 134 Cal. 237 (66 Pac. 326); *Watt-Harley-Holmes Hdw. Co. v. Day*, 1 Ga. App. 646 (57 S. E. 1033); *Wright v. Ellis*, 1 Handy (Ohio) 546, 12 Ohio Dec. (Reprint) 282]."

See, also, *First Nat. Bank v. Shaw*, 109 Tenn. 237 (70 S. W. 807).

In *Cherry v. Sprague*, 187 Mass. 113 (72 N. E. 456), a case which arose over a promissory note executed and signed in the state of Massachusetts, and mailed to the plaintiff in South Dakota, the note in that case, as in the case at bar, was a renewal note, and the Massachusetts court said:

"As the instrument was a promissory note, and as it was payable in South Dakota, and was sent to the payee by mail, and received by him in that state, it was a South Dakota, and not a Massachusetts, contract [citing several Massachusetts cases]."

Tiedeman on Commercial Paper, Section 506, says:

"It is not, however, the law of the place where the contract was signed, or executed, but the law of the place where the contract was consummated by delivery or otherwise, which governs the construction of the contract."

In *First Nat. Bank v. Shaw*, supra, this identical situation existed as to notes signed in the state of Tennessee and sent to Ohio, and the Tennessee court held that they were Ohio contracts.

This same doctrine is supported by *Hall v. Cordell*, 142 U. S. 116 (35 L. Ed. 956); 2 Parsons on Contracts (9th Ed.)* 586.

We think these authorities express the general rule governing this question, although there may be some to the contrary. We adopt it as the rule in this state. There is no showing in

the case at bar that there was a specific direction to return these notes to Iowa by mail; hence, under the law, the delivery of these notes was not made until they reached the Iowa payee. Under the facts and the above rule, the decision of the district court was right.—*Affirmed.*

STEVENS, FAVILLE, DE GRAFF, and MORLING, JJ., concur.