## In re McLEAN STORE FIXTURES COR-PORATION.

### No. 51173.

District Court, D. Massachusetts.
June 19, 1933.

Edward A. Nathanson, of Boston, Mass., for trustee.

A. J. & J. A. Daly, of Boston, Mass., for Arlington Nat. Bank.

Barnard Morrison, of Boston, Mass., for Atlantic Nat. Bank of Boston.

BREWSTER, District Judge.

A creditor of the above bankrupt seeks a review of an order of the referee disallowing its claim to the extent of $15,000. The facts are set forth clearly and succinctly in the referee's certificate, as follows:

"The bankrupt was a family corporation. All of the stock was originally owned by George, Isaac and William McLean.

"In January, 1930, Isaac and William McLean went to Arthur P. Stone, Vice-President of the Atlantic National Bank and told Stone that William needed $15,000. to pay off a mortgage on some property which William owned in Cambridge.

"Stone had Isaac and William McLean make a note payable to the McLean Store Fixtures Corporation. The corporation, by George McLean, its treasurer, endorsed this note. The Atlantic National Bank discounted it and turned the money over to William McLean, to be used to pay off the mortgage on his own property at Cambridge. Stone knew perfectly well at the time that the money advanced by the Bank on this note was to be used by William for his own benefit and that not one cent of the proceeds was to go into the treasury of the corporation.

"This note was renewed six or eight times in just the same form. Finally, in February, 1932, Stone got impatient and said he would have to have it paid. Isaac and William, the makers of the note, said they didn't have any money. After some discussion, Stone agreed to take the note of the Corporation, payable in thirty days, in renewal of the old note made by the individuals, Isaac and William. A note was made by the Corporation and signed by Isaac, who had become president and treasurer, payable to Isaac as an individual, was endorsed by him and turned into the Bank. No consideration was ever given the Corporation for 'this note. No vote of the stockholders or directors ever authorized, or ratified, the making of this note."

Upon these facts, I think the referee's order disallowing the claim based upon the note for $15,000 was correct.

In the first transaction, the bankrupt clearly became an accommodation indorser. While a private corporation may be held liable on an accommodation indorsement, it is only when all the stockholders consent and the rights of creditors are not thereby injured. Murphy v. Arkansas & L. Land & Improvement Co. (C. C.) 97 F. 723; In re Amdur Shoe Co. Inc. (D. C.) 13 F.(2d) 147; Cook on Corporations (5th Ed.) §§ 3, 774.

It does not clearly appear from the referee's certificate whether, at the time the note was indorsed, all who were then stockholders participated in the transaction, but he does find that there was no vote of the shareholders or directors authorizing it. However this may be, the indorsement was prejudicial to creditors and did not come within the rule respecting the liability of private corporations on accommodation paper. New Hampshire National Bank v. Garage and Factory Equipment Co., 267 Mass. 483, 166 N. E. 840; Pierce, etc., Mfg. Corp. v. Daniel Russell

Boiler Works, Inc., 262 Mass. 242, 159 N. E. 625; Boston Box Co., Inc., v. Shapiro, 249 Mass. 373, 380, 144 N. E. 233.

The note given by the bankrupt to Isaac McLean and indorsed to the Atlantic National Bank was not given to compromise any doubtful controversies which had arisen between the bank and the bankrupt. It was given as a substitute for the earlier note made by Isaac and William McLean and indorsed without consideration by the corporation. The only difference resulting from the change of procedure was to make the corporation an accommodation maker, instead of the accommodation indorser. It did not operate to create liability on the part of the corporation any more than the indorsement. This note was given without any benefit, or consideration, moving to the bankrupt. The bank gave up no rights against the corporation which it had as indorsee, since it acquired none by virtue of the accommodation indorsement. The note was neither authorized nor ratified by the shareholders or directors, and was equally prejudicial to creditors.

The referee's certificate leaves no doubt respecting the knowledge of the officers of the bank relative to the exact nature of the transaction. The bank must be held chargeable with knowledge of the infirmities in the instrument, and was not, therefore, a holder in due course.

The referee's order is confirmed.