Estes, J.
This action is founded on an agreement alleged to be a promissory note. The defendant pleaded the Statute of Limitations.
*509 The instrument declared on was as follows:
“$139.00 6-28-29
CAMERON’S SURGICAL SPECIALTY 00., 666 W.
Division St., Chicago, U. S. A.
Please ship as soon as convenient, subject to strikes, accidents, or other delays beyond your control, the following.........................................
1 complete # 79 Oto Diognostoset Minus.......... .. .Oralite... .plus tonsilassistant...................■
To James J. Tynan... .hereinafter called the vendee, at ■ Torrington, Conn. Said property to be delivered F. O. B. Chicago, HI.
Nothing but shipment, delivery, or acceptance in writing shall constitute an acceptance of this order by the vendor. Vendee agrees to pay all installation charges and further covenants that the machine is not placed in his possession on trial. Title to said property shall not pass to vendee or to any other person, firm or corporation, until paid for in full in cash which shall include the payment of any notes given and shall include the payment of judgments secured with costs and attorneys fees. This order shall not be subject to countermand or recission and covers all agreements concerning this transaction of every name and nature, and no representations or agreements made by any agent or any other person not herein included shall be binding. Any repairs made without vendor’s written authority to be at the expense and risk of the vendee. The loss, injury or destruction of said property shall not operate in any manner to release the vendee from payment as provided herein, or on any notes given and renewal or extension in time of payment shall not release the vendee from the conditions of this agreement. In case of any default of any payment or other condition herein expressed, the vendor shall have the right to retake said property with or without process of law and without notice, and all payments made shall be retained by vendor as liquidated damages for the use thereof, and not as a penalty. The vendee expressly waives as against this agreement, all exemptions and homestead laws, and all claims for damages of whatever nature, and further expressly waives any and all provisions of law wherein and whereby it is required *510 any sum of money shall be repaid to vendee, or that said property shall be sold at public or private sale upon notice to vendee and any part of the proceeds accounted for or paid over to the vendee.
In consideration of which, and for value received, I agree to pay vendor or order at 666 W. Division St. Chicago, U. S. A.
$139.00.......as follows: $27.80 .. cash (Herewith) $.... No.....Cash on arrival (C. O. D.), and........ $111.20 .... in .... 8 monthly instalments of $13.90... each, and one final instalment of $............due and payable on the tenth day of each succeeding month after shipment of goods until full amount is paid, plus delivery charges.
If there be default at any time in any payment or other conditions herein, or upon refusal, or neglect of the vendee to accept said property when tendered by the vendor, or any transportation agency, the full amount unpaid herein shall thereupon become due and payable forthwith.
..............JAMES J. TYNAN, Signature of Vendee
Town... Torrington ... County .. Litchfield.. State Conn............................................. Witness.... W. J. Danner.................... Salesman No. 64354
(NO PEOMISES VALID UNLESS WEITTEN ON THIS CONTEACT).”
By giving the defendant’s first request the court found that the plaintiff’s cause of action accrued on July 10, 1929. The writ was dated December 17, 1935. The defendant’s second request, which the court refused, was:— “2. The plaintiff failed to bring suit against the defendant within six (6) years from the date the alleged cause of action accrued and therefore such alleged action is barred by the Statute of Limitations.”
No written findings of facts are reported. Finding was for the plaintiff in the sum of $111.20 with interest from February 10, 1930.
*511 The only conclusion we can draw from the rulings and findings is that the court construed the instrument to be a promissory note. Such a construction, we think was error. Sloan vs. McCarty, 134 Mass. 245, Central National Bank vs. Hubbel, 258 Mass. 124, Pierce Etc. Mfg. Co. vs. Daniel Russell Boiler Works, 262 Mass. 242 at 245. The two latter eases are cited by the plaintiff. It attempts to distinguish them from Sloan vs. McCarty, but those cases distinctly affirm the first case. In Central National Bank vs. Hubbel the court says “we * * * regard it as binding.” We are of the opinion that the instrument in question is a conditional sale contract, and that the twenty year period of limitations does not apply. General Statutes Ch. 155, §4 is substantial the same as the present G. L. 260, §1.
However, if the court could have found for the plaintiff on a correct ruling of law, in other words if the giving of defendant’s first request was error, and the result was correct it will not be set aside. Ryder vs. Warren, 1936 Adv. Sh. 1437, Lincoln Park Garage vs. Devonshire Fin. Ser. Corpn., 277 Mass. 303 at 305. Walker vs. Nickerson, 1935 Adv. Sh. 1937.
The plaintiff argues that the cause of action did not accrue until February 10, 1930, the date when the last instalment was due, and from which date the court found interest to run.
It is argued that the default on July 10, 1929, did not automatically cause the whole amount to become due, but the plaintiff contends that the clause in the instrument which says, “the full amount unpaid herein shall thereupon become due and payable forthwith,” merely gave the plaintiff the right to enforce payment of the full amount upon default of any instalment. That the plaintiff could and did waive that right, and hence its cause of action finally accrued when the last instahnent fell due.
*512 . It seems, to us that any definite act of. waiver would he binding on the creditor, and we are inclined to agree with those jurisdictions which hold that failure by the creditor to enforce the '.provision of acceleration of payment operates as a waiver, on the ground that the provision is for the benefit of the creditor. 37 Corpus Juris Sec. 211 and cases collected in foot notes. See also Porter vs. Harrington, 262 Mass. 203.
We are therefore of the opinion that the court reached the correct result and that there was no prejudicial error.
The order, therefore, is
Report Dismissed.