*Northern District*

No. 6588

## ALCOA CREDIT COMPANY

v.

## DAVID E. NICKERSON,
### and others

Argued: Oct. 25, 1967    Decided: Jan. 3, 1968

*Present:* Brooks, P.J., Connolly, Yesley, J.J.

Case tried to *Parker, J.* in the Second District Court of Eastern Middlesex. No. 4444 of 1966.

*Yesley, J. In this action of contract* transferred from the Superior Court (G.L. c. 231, § 102C), the plaintiff seeks to recover a balance of $1605.62 allegedly due on a promissory note dated February 3, 1964, made by the defendants to the order of Beautiful Homes, Inc. (Homes), and endorsed by it to the plaintiff, the holder. The plaintiff also seeks an attorney's fee for collection as provided therein.

The note was given pursuant to a written contract dated January 6, 1964 between Homes and the defendants for the re-siding of defendants' home in Kingston, Massachusetts, with aluminum shingles for a price of $1850.00. The trial justice found that at the time the contract was signed, Homes' salesman stated to the defendants that "the siding . . . would not chip or fade for twenty years . . . and that the sidings would save 10% on the defendants' heating bill", that the defendants "relied on these representations" in signing the contract and also the note upon completion of the work,

that in the spring of 1966 the defendants complained to Homes and to the plaintiff that the siding had failed to comply with the representations made by Homes, that they had changed in color and the paint had not adhered to them, and that the heating bills had not been reduced. The trial justice found that these complaints were substantiated and that they would have afforded a defense to an action on the note by Homes, the payee. He ruled that the defense was also available in this action since, as he further ruled, the note was a "consumer note" subject to the provisions of G.L. c. 255, § 12C; and he found for the defendants.

The plaintiff contends that it took as a holder in due course free of any such defense (G.L. c. 106, § 3-305). It presented requests for rulings which, if granted, would have required the court to rule that the plaintiff as a holder in due course was entitled to recover, and that the note sued upon was not a "consumer note" within the meaning of said statute. The denial of these requests squarely presents the issue before us.

■■ It is uncontroverted that if the note could not properly have been ruled a "consumer note", the plaintiff would have been entitled to rulings that it was a negotiable instrument under the Uniform Commercial Code (G.L. c. 106, § 3-104) and that the plaintiff was a holder in due course (§ 3-302). The nub of the question then is whether the note was a "consumer

note'' within the meaning of G.L. c. 255, § 12C which provides in pertinent part as follows:

"If any contract for sale of consumer goods on credit entered into in the commonwealth between a retail seller and a retail buyer requires or involves the execution of a promissory note, such note shall have printed on the face thereof the words ''consumer note'', and such a note with the words ''consumer note'' printed thereon shall not be a negotiable instrument within the meaning of the Uniform Commercial Code — Commercial Paper. For the purposes of this section ''consumer goods'' means tangible personal property used or bought for use primarily for personal, family or household purposes.''

The plaintiff contends that the contract here was for the furnishing of a service, i.e., the installation of aluminum siding rather than one for the sale of goods. A note in the 1964 Annual Survey of Massachusetts Law at page 61 takes the same position and we are inclined to accept it. We note that in Chapter 255D (added to the General Laws by St. 1966, c. 284), entitled ''Retail Installment Sales and Services'', the definition of ''Goods'' (section 1) specifically includes ''goods which are . . . to become incorporated into a structure'' and the rendering of services which are defined as ''any work or labor . . . furnished . . . in the delivery (or) installation . . . of goods''.

This would have disposed of the question but for the fact that the face of the note, at the top and to the left of the caption "PROMISSORY NOTE", contains the words "CONSUMER NOTE", in large, bold print, with each letter capitalized. The plaintiff contends that these words should be given no effect. It argues that since the contract pursuant to which the note was given was not "for sale of consumer goods" the presence of those words could not *per se* convert into a "consumer note", a creature of statute, one which does not fit into the statutory definition thereof. We do not agree that the court should have ruled that the words "consumer note" are a nullity. In our opinion, the court could properly find that the parties to the note intended that the words "consumer note" should have meaning and should be a part of their agreement. *Heywood* v. *Perrin,* 10 Pick 228, 230; *Costello* v. *Crowell,* 127 Mass. 293, 294. No particularized meaning for such words has been suggested other than as given by said statute, nor any reason for the inclusion of such words on the note apart from such statute. We agree with the trial justice that "as far as [the] parties are concerned the note is a consumer note", and as such non-negotiable. We know of no policy of the law that would prevent parties from agreeing that a note should be non-negotiable. See cases cited in Brannan's Negotiable Instruments Law (4th Ed.) § 1 (bottom of page 23).

██ Since it appears from an examination of the note that it is a printed form prepared by the plaintiff (see printed indorsement to its order on the reverse side), it can hardly complain that by virtue of the inclusion thereon of the words "consumer note" it finds itself holding a non-negotiable note. If those words were not intended to be applicable to the note in question, it would have been a simple matter to strike them.

The plaintiff does not contend that if the note could properly be construed as "a consumer note", the finding for the defendants would be unwarranted. In view of our holding, **the report should be dismissed.**

FELDMAN, BERNSTEIN, KUNIAN & GREENBAUM,
    for plaintiff.
SEYMOUR BLOOM,
    for defendant.